MACKLIN v. KINEALY, *Appellant.*

Division One, July 17, 1897.

1. **Assignment of Choses in Action.**  No particular form of words is required to constitute a valid assignment of a chose in action.  Any act showing an intent to transfer a party's interest is sufficient.  In this case the chose in action was "all rents and all judgments for rents and all judgments for damages" "which I may have against" certain persons for wrongfully withholding the possession of land.

2. **Damages:** SELLING LAND PENDING WRIT OF ERROR IN SUPREME COURT. Ferguson brought suit against Macklin, obtained judgment, levied on the land in controversy, it was sold by sheriff to defendant, but before judgment Macklin had deeded it to a trustee for the sole use and benefit of his wife, which deed was set aside on suit in equity,

and defendant put in possession. He sold it for $2,000, and thereafter Macklin sued out writ of error in Supreme Court, and there defendant's judgment was reversed and he was ordered to restore to Macklin's wife "all things and lands she had lost by the aforesaid decree of the circuit court." After the decision in the Supreme Court she assigned her interests in the suit and conveyed the lands to plaintiff, who tried by suits to regain, and finally by compromise in the sum of $4,000 obtained, possession of the land, which then was worth $8,000, and then brought this suit for damages, and asked for $2,000, being the amount for which defendant had sold it, and interest from the date of sale. *Held,* that plaintiff was entitled to damages; *that* she was not estopped from maintaining this suit; *that* the measure of her damages was the difference between the amount expended by plaintiff in regaining possession and the actual value of the premises; *that* though the court rendered judgment for the amount for which defendant had sold the land and interest, the defendant could not complain because this amount was clearly $100 less than plaintiff was entitled to, *and* that the court did not thereby permit a recovery upon another and a different cause of action from that stated in the petition.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*M. Kinealy* and *James R. Kinealy* for appellant.

(1) The plaintiff can not sue defendant or recover damages from defendant on the claim that by the conveyances of defendant she lost title to that same land and lost that land. *Com. Co. v. Railroad,* 126 Mo. 344; *Nanson v. Jacobs,* 93 Mo. 331; *Estes v. Reynolds,* 75 Mo. 563; *Stoller v. Coates,* 88 Mo. 514; *Bradley v. Bringham,* 149 Mass. 141; *Farwell v. Mepers,* 59 Mich. 179; *Ewing v. Cook,* 85 Tenn. 332; *Bank v. Beale,* 34 N. Y. 473; *Fields v. Bland,* 81 N. Y. 239. (2) The court, in his findings and judgment, wholly ignored the issue presented by the pleadings, and started a new issue of his own, and gave a judgment on that new issue. This deprived defendant of due process of law, in violation of the State Constitution, and was error.

He can not try the case on one issue and decide it on another. *Huston v. Tyler*, 140 Mo. 252; *Johnson Br. Co. v. Bank*, 116 Mo. 567; *Clements v. Yeates*, 69 Mo. 625; *Wiseman v. Culver*, 121 Mo. 19; *Brooks v. Yocum*, 42 Mo. App. 516; *Tomlinson v. Ellison*, 104 Mo. 105; *Hart v. Leete*, 104 Mo. 315; *Harper v. Morse*, 114 Mo. 317. (3) The court gave a judgment for an incumbrance put on the land, although there is no evidence that anything was ever paid. to remove such incumbrance, and it is admitted that when this suit was brought, nothing had been paid on that account, or on any other account. A suit for damages, because of the existence of an incumbrance on land, can only be brought after something has been paid to remove the incumbrance (and this payment must be alleged in the petition), hence the court's action was error. *Hunt v. Marsh*, 80 Mo. 398; 5 Ency. of Pl. and Pr. 373; 18 Am. and Eng. Ency. of Law, 167. (4) The so-called assignment was erroneously admitted in evidence, as it assigned no right to sue for damages occasioned by loss of the land, and hence plaintiff could not maintain this suit; and the court erred in not excluding it.

*T. J. Rowe* for respondent.

(1) Ann Macklin was the rightful and equitable owner of the land in question, and what she lost by the erroneous decree of the circuit court should be restored to her. *Kinealy v. Macklin*, 89 Mo. 435. (2) For reasons of public policy the conveyance of Kinealy to Sutherland, trustee for Sanderson, is upheld, and by such conveyance Ann Macklin lost her title and her property, which became, after trustee's sale, vested in Sanderson, and Ann Macklin or her assignee, Mary Macklin, must recover what she has lost by action against Kinealy. *Macklin v. Allenberg*, 100 Mo. 346.

BRACE, J.—This is an appeal from a judgment of the St. Louis circuit court in favor of the plaintiff for the sum of $3,900. The following is the finding of the facts and the conclusions of law made by the trial court in writing at the request of the defendant, under the provisions of section 2135, Revised Statutes 1889:

## "FINDING OF FACTS.

"(1) That one William B. Ferguson, in the year 1873, brought suit on a note of $542.95 against one Patrick Macklin *et al.* (2d) That said Patrick Macklin, at the time of the institution of said suit, was possessed of certain real estate described in the petition, and that while said suit was pending in court, the said Patrick Macklin conveyed said real estate to one Francis L. Haydel, as trustee, for the sole and separate use of his wife, Ann Macklin. (3d) That on the ninth day of December, 1873, the said Ferguson recovered judgment on said note against the said Macklin *et al.* for the sum of $626, and execution was issued thereon. (4th) That under said execution the sheriff of the city levied upon and sold a certain portion of lot No. 2 and a certain portion of lot No. 4 of said real estate of said Patrick Macklin, which said portions are particularly described and set forth in plaintiff's petition, and that at such sale Michael Kinealy, the defendant herein, became the purchaser of said portions of said lots, and a deed therefor was duly made and executed to him by the said sheriff. (5th) That immediately after the conveyance of said lots by the sheriff to said M. Kinealy, the latter filed his bill of equity in the circuit court of the city of St. Louis, against the said Patrick Macklin and Ann Macklin his wife, and Francis L. Haydel, trustee, to set aside and annul the deed from Patrick Macklin to Haydel, trustee, for the use of Ann

Macklin, above mentioned. (6th) That said Michael Kinealy, in said suit obtained a decree in his favor in the said circuit court, and thereafter obtained possession of the premises, and the title in and to said premises was by the said decree vested in said M. Kinealy. (7th) That on March 5th, 1879, the said Kinealy and his wife conveyed said real estate to J. W. Sutherland, as trustee, to secure a loan of $2,000, and that on the 10th day of May, 1883, the said Sutherland by virtue of said deed of trust, on Kinealy's failure to pay the amount due on and secured by said deed, conveyed said real estate to one Margaret A. Sanderson. (8th) That thereafter Ann Macklin and Patrick her husband sued out a writ of error in the St. Louis Court of Appeals *In re Kinealy v. Macklin*, and that the said decree was afterward affirmed in the said court of appeals, and that thereafter the said Ann Macklin and Patrick, her husband, sued out a writ of error from the Supreme Court of the State of Missouri in said cause, and the decree of the circuit court of the city of St. Louis in said cause was in the Supreme Court reversed and the plaintiff's bill dismissed on the 18th day of March, 1886, and the said Kinealy was in the Supreme Court ordered to restore to the said Ann Macklin all things and lands she had lost by the aforesaid decree of the circuit court. (9th) That on January 29th, 1886, the said Ann Macklin and her trustee conveyed by deed all her title and interest in said premises to the plaintiff, and further, on the 30th day of January, 1886, assigned in writing, duly executed, her cause of action herein to the plaintiff Marie Macklin, a copy of which assignment is fully set out in defendant's answer. (10th) That the said Marie Macklin, after the decision of the Supreme Court, instituted different suits to regain the possession of the said real estate, and finally obtained possession of same by compromise in year 1893, upon the pay-

ment of the sum of $4,000. (11th) That the said real
estate in 1879 was of the value of over $5,000, and now
is, and at the time of the compromise was, of the value
of about $8,000, and plaintiff and her assignor
lost by reason of the decree obtained by the defendant
Kinealy in the circuit court aforesaid, the sum of at
least $4,000, but plaintiff is now only claiming
the $2,000 obtained by defendant on this deed of
trust, with 6 per cent interest from that date. (12th)
That this suit was instituted by plaintiff on the 5th
day of March, 1891.

"CONCLUSIONS OF LAW.

"(1st) M. Kinealy, having purchased the prem-
ises in question, and having obtained a decree in equity
vesting the title in him in his suit against the Macklins,
from which no appeal was taken, became the absolute
owner of the property, and the deed of trust by him to
Sutherland, under which he obtained a loan of $2,000,
was legal and valid, as was also the conveyance to San-
derson under and by virtue of a sale under said deed of
trust. (2d) The writ of error sued out *In re Kinealy v.
Macklin* in the Supreme Court, was in law a new suit,
and could not divest any *bona fide* purchaser of the title
acquired from Kinealy; but the reversal of said cause
by the Supreme Court and dismissal of Kinealy's bill,
vested in said Ann Macklin the ownership of all prop-
erty acquired by Kinealy and not disposed of by him,
and made him liable in damages for any property dis-
posed of by him, before such reversal in the Supreme
Court. (3d) The proceeding brought by Marie Mack-
lin under the deed from Ann Macklin, to recover the
possession of the premises from Allenberg *et al.*, and
her subsequent compromise with the defendants in said
cause and other cases, did not estop her from maintain-
ing the present suit. (4th) The assignment from Ann

Macklin and Patrick Macklin, her husband, set out in defendant's answer, is sufficient in law to entitle the plaintiff to bring and maintain this suit for losses occasioned by Kinealy's conveyances, and consequent loss of title to said property, and the compromise can only be considered as determining the amount of damages actually sustained. (5th) The decision of the Supreme Court, having been rendered on March 18, 1886, and this suit having been instituted on March 5, 1891, the same is not barred by the statute of limitations. It follows, therefore, that the plaintiff is entitled to have and recover of the defendant, M. Kinealy, the sum of $2,000, with six per cent interest thereon from March, 1879, as is claimed by her, to wit, the sum of $3,900, for which judgment will be entered with costs."

The assignment of Ann Macklin and her husband to the plaintiff is as follows:

"ST. LOUIS, Mo., January 30th, '86.

"Be it known that I, Ann Macklin, and Patrick Macklin, her husband, do hereby sell, assign and convey to Marie J. Macklin all right, title and interest into all rents or all judgments for rents and all judgments for damages which may have accrued or which may hereafter accrue or which may accrue in any suit pending in any court or may accrue by reason of any judgment or decision of any court or any claims for rents which I may have for rents or damages against M. Kinealy, Charles R. Sanderson or his wife M. R. Sanderson, or Charles H. Bosse, or Christian Fred Woomhoomer or August Allenberg and all other parties who have occupied the property heretofore conveyed by deed to said Marie Macklin, and this assignment is made in consideration of my love and affection for said Marie J. Macklin and in the further consideration of one dollar the receipt of which is hereby acknowledged.        "ANN MACKLIN.

"P. MACKLIN."

I.   By virtue of the decree of the St. Louis circuit court in the case of *Kinealy v. Macklin*, the title to the premises described in the petition was vested in the defendant herein and he was put in possession of the same, and the plaintiff lost the title to the premises and the possession thereof.   Upon review by this court of the action of the said circuit court in that case on writ of error the decree was reversed, and for naught held (89 Mo. 433), and it was adjudged that the plaintiff in said case, Ann Macklin, and her husband Patrick Macklin, be restored to all things lost thereby.   By the conveyance of the defendant to Sutherland and the sale thereunder, the defendant had placed the title to the premises and the possession thereof beyond his control, and he was unable to comply with the mandate of this court.   Thereupon the Macklins having conveyed their interest in the premises and assigned their right of action for damages against the defendant to the plaintiff, she instituted suits against the parties to whom the title and possession had passed under the defendant's conveyance, to recover what the Macklins had lost, but failed to recover.   *Macklin v. Allenberg*, 100 Mo. 337; *Macklin v. Schmidt*, 104 Mo. 361.   This court remarking in the former case, "Mrs. Macklin has her remedy against Kinealy for that which she lost and is not in his hands in specie."   Having failed to secure what they lost by these suits, she finally secured the same by compromise and purchase upon payment of the sum of $4,000. Thus the plaintiff was out that sum of money by reason of the failure of the defendant to discharge his duty of restoring to the Macklins what they had lost by means of the erroneous judgment in defendant's favor, and this suit is brought to recover damages suffered by reason of such failure.

Defendant's main contention is that the circuit court erred in holding that the plaintiff was not

estopped from maintaining this suit by reason of her action in prosecuting the suits for the recovery of the possession of the premises and her subsequent compromise thereof as found by the court. We do not think the authorities cited support this contention. Her action in this behalf certainly can not be considered a ratification of the defendant's act in conveying the property, which conveyance she was continually attacking and asserting title against. That she tried to get what defendant failed to restore to her, as was his duty, could in no way impair her right to damages for his failure to discharge that duty. That by way of compromise and purchase she finally succeeded in getting the premises by the outlay of a large sum of money, was an actual benefit conferred upon the defendant to the extent of the difference between the amount of money expended for that purpose, and the actual value of the premises, to which extent her claim for damages against the defendant was thereby reduced. The defendant, instead of complaining, ought to rejoice that she was so fortunate. She has never claimed anything or received anything by reason of any claim under the defendant's conveyance, and there is no room in this case for the application of the doctrine of an election between inconsistent remedies.

II.    It is next contended that the court committed error in rendering judgment for the amount of the incumbrance and interest. Conceding for the sake of argument that the court committed error in assuming that to be the proper measure of damages, it was error in the defendant's favor, being $100 in the aggregate less than the actual damage found by the court to have been suffered by the plaintiff at the time of the compromise, without interest. There is nothing in the contention that the court thereby permitted a recovery

upon another and different cause of action from that stated in the petition.

III. It is next contended that the court erred in holding that Ann and Patrick Macklin, by the written assignment hereinbefore set out, transferred their right of action herein to the plaintiff. The assignment itself, while not very artistically drawn, is a sufficient answer to this contention. No particular form of words is required to constitute a valid assignment of a chose in action; any act showing an intent to transfer a party's interest is sufficient for that purpose. *Smith v. Sterritt*, 24 Mo. 260; 2 Am. and Eng. Ency. of Law [2 Ed.], 1055. The finding of facts by the court is sustained by the evidence, and finding no substantial error affecting the merits of the case in its conclusions of law, and the judgment rendered in pursuance thereof, the same is affirmed. BARCLAY, C. J., MAC-FARLANE and ROBINSON, JJ., concur.