## FIRST NAT. BANK OF CLEVELAND v. COATES.

No. 5826—Opinion Filed Feb. 8, 1916.

Rehearing Denied March 27, 1917.

(163 Pac. 714.)

**Appeal and Error—Fraudulent Conveyances—Vendor and Purchaser—Homestead—Conveyance—Attachment—Review.**

Upon a motion to dissolve an attachment levied on lands, there was evidence tending

to show that the defendant and his family had temporarily removed therefrom and rented the same with the intention of return-ing thereto as their home; that before levy of the order of attachment, defendant and his wife had conveyed the lands to an in-fant daughter. Held, first, that the defend-ant could convey his homestead to his daughter free from any claims of his gen-eral creditors; second, that such conveyance having been made before a levy of the order of attachment, such lands could not be rightfully levied upon as the property of de-fendant; third, that there being evidence to support the findings of the trial court, an order of such court, dissolving the attach-ment, will not be disturbed.

(Syllabus by Rummons, C.)

Error from District Court, Pawnee County.

Action by the First National Bank of Cleveland against J. B. Coates. From an order dissolving an attachment issued and levied in said action plaintiff brings error. Affirmed.

Former opinion, published in 161 Pac. 1095, withdrawn.

Goodwin & Smith, for plaintiff in error.

McNeill & McNeill, for defendant in error.

Opinion by RUMMONS, C. This action was commenced by the plaintiff in error, hereinafter styled the plaintiff, against the defendant in error, hereinafter styled the defendant, to recover upon certain promis-sory notes, on February 14, 1913. An order of attachment was issued in said cause, and levied, on February 24, 1913, upon certain lands in Pawnee county as the property of the defendant. Proceedings were taken by the plaintiff to procure service on the de-fendant by publication, and thereafter the defendant appeared and moved to dissolve the attachment. This motion was heard by the court upon affidavits and oral testimony. The court ordered a dissolution of the at-tachment, to which plaintiff excepted and appeals to this court to reverse such order. It seems that for some years defendant and his family had been residing upon the lands attached, and occupying them as their home-stead; that some time prior to the com-mencement of this action the defendant sold at public auction a part of his personal property, and shipped the rest of his chat-tels, except some household goods which were left upon the lands attached, to Iowa, the defendant accompanying them; that later he went from Iowa, with such chattels, to Ft. Saskatchewan, Canada, and there rented a farm; the wife of defendant remained upon the lands attached some time after her husband left, and then rented such lands for a year, and with the family joined the de-fendant in Canada. Both the defendant and his wife testified that the going to Canada and the renting of the lands attached was only temporary, and that they never intended to permanently remove from their home-stead, but intended to return thereto; and that the occasion for the defendants leav-ing the homestead and going to Canada was the fact that crop conditions in Pawnee county had been very poor, that defendant was heavily indebted, and that he hoped to sell his stock to better advantage in Canada than he could in Oklahoma, and hoped to be able to earn more money during his absence than he could in Oklahoma. This testimony was rebutted by plaintiff by evidence of statements made by the defendant showing an intention to permanently leave Oklahoma, and to permanently establish himself in Can-ada. On February 8, 1913, before the levying of the attachment in this cause, the defend-ant, joined by his wife, conveyed the lands in controversy to Clarrie Maxine Coates, who was the youngest child of the defendant, and at the time of such conveyance was four years old: and such deed was not filed for record until after the commencement of this action and the levying of said attachment. Some months afterwards an attempt was made by the defendant to have Clarrie Max-ine reconvey this land to him, the evidence disclosing that, upon the advice of a bar-rister in Canada, Clarrie Maxine's name was signed to a deed by an older sister. This deed is so palpably a nullity that it is not considered by counsel for plaintiff, nor need we consider it.

The sole question presented by the record and the briefs of plaintiff and defendant in this case is whether or not the defendant, by going to Canada with his family and renting a farm there, became a nonresident within the meaning of our homestead exemption laws. It is admitted by plaintiff that de-fendant did not abandon his homestead by going to Canada with his family with the intention of subsequently returning and oc-cupying the homstead. But it is urged by plaintiff that he thereby became a nonresi-dent; and it is provided by section 3344, Rev. Laws 1910:

"The exemption herein provided for must not be construed to apply to the following persons, namely:

"First. To a nonresident.

"Second. To a debtor who is in the act of removing his family from the state; or,

"Third. Who has absconded, taking with him his family."

It is therefore urged by plaintiff that de-fendant became a nonresident, and was not

entitled to claim the benefit of the homestead exemption. We do not think that it is necessary for us to determine this question. The act of defendant in conveying the homestead to his daughter constituted an abandonment of his homestead rights therein. So the question of his being precluded from asserting the homestead exemption because of his nonresidence becomes utterly immaterial.

The motion to dissolve the attachment does not set up as ground therefor that the title to the homestead was in the daughter, Clarrie Maxine, but the deed, showing such conveyance to her, was offered in evidence by attorneys for the attaching creditors at the hearing, and the defendant was examined as to the making of such deed, both upon direct examination and cross-examination, without objection, so that the fact of such conveyance is properly a part of the record. It, therefore, appears that at the time the attachment herein was levied, the property attached had ceased to be the property of the defendant, and an attachment could not be rightfully levied upon it. As we understand the argument of the plaintiff, it is admitted that there was evidence tending to show that defendant had not abandoned his homestead, but it is contended that, becoming a nonresident, he could not set up any claim thereto. We confess we are unable to reconcile this admission and this contention; but, however that may be, it has been held by this court that a removal from the state with an intent at the time of removing to return to the homestead does not constitute an abandonment thereof. Carter v. Pickett, 39 Okla. 144, at page 146, 134 Pac. 440; McCammon v. Jenkins, 44 Okla. 612, at page 616, 145 Pac. 1163. If the homestead had not been abandoned the defendant was free to dispose of it as he might wish, and his creditors cannot complain of his action in conveying the homestead to his daughter, whatever the consideration for such conveyance or whatever his motive for making it may have been. Kershaw v. Willey, 22 Okla. 677, 98 Pac. 908; J. I. Case Threshing Machine Co. v. Walton Trust Co., 39 Okla. 748, 136 Pac. 769; Scott-Baldwin Co. v. Mc-Adams, 43 Okla. 161, 141 Pac. 770; Gilbreath v. Smith, 50 Okla. 42, 150 Pac. 719; Lunn v. Kellison, 66 Oklahoma, 153 Pac. 1136.

We therefore conclude that the court below committed no error in dissolving this attachment, and its judgment should be affirmed.

By the Court: It is so ordered.