## MINSHALL et al. v. SANDERS et al.

No. 25837.   Nov. 26, 1935.

Erwin & Erwin, for plaintiffs in error.

Bierer & Bierer, for defendants in error.

PER CURIAM.   Plaintiffs in error, plaintiffs below, instituted in the district court of Logan county, suit upon a promissory note given by Jas. Sanders to them and caused garnishment to be served on Elizabeth Shelton, as administratrix of the estate of Samuel Sanders, deceased.   The garnishee answered to the effect that Jas. Sanders was an heir of Samuel Sanders, and that there was money on hand belonging to the estate. Sadie B. Millstead intervened in the garnishment proceedings under claim of ownership to the property garnisheed.   Issues were joined on the intervention and the case was tried to the court, which rendered judgment in favor of said intervener, dissolving the garnishment and awarding to her all interest of the defendant, Jas. Sanders, in and to the money and personal property of the estate of Samuel Sanders, deceased.   The judgment entered for the plaintiffs upon their note is uncontested.   The claim of Sadie B. Millstead was based on an unrecorded absolute assignment and transfer of personal property to her executed by Jas. Sanders a few days after the death of Samuel Sanders.   This was upheld by the trial court on the authority of section 10012, Okla. Stats. 1931, which provides that a person shall have a right to prefer a creditor in good faith.

Apparently no question was raised in these proceedings as to the propriety of a garnishment upon an administratrix, and since we have reached the conclusion that the garnishment was properly discharged on other grounds, that question is not considered. The plaintiffs in error make four contentions for the reversal of the judgment, which we shall dispose of in the order presented.

1. It is contended that the assignment of Jas. Sanders to be valid under section 10012, O. S. 1931, is subject to the laws relating to the filing and recording of mortgages.   As counsel for intervener succinctly points out, the section of the statutes in question is not a masterpiece of clarity.   However, it cannot reasonably be construed as contended by the plaintiffs.   A reading of the statute in question will reveal that the preference may be

evidenced by payment, by mortgage, or by transfer of property. Payment is not subject to any laws relating to filing and recording of mortgages. This is self-evident. Mortgages, personal or real, must, of course, under this statute be subject to the laws relating to the filing and recording of mortgages. We hold that this statute does not require that the assignment of personal property in payment of a debt be either filed or recorded. Moreover, the assignment in this case was executed and delivered, according to the undisputed evidence, prior to the garnishment, and this court has held in First National Bank of Cleveland v. Coates, 65 Okla. 94, 163 P. 714, that where a conveyance of land was made before the levy of an order of attachment, such lands could not be levied upon.

2. The second contention is that this assignment was made for the benefit of creditors and is controlled by sections 10035 and 10037, O. S. 1931. The assignment in this case is an assignment of all right, title, and interest that Jas. Sanders had in and to the personal estate of Samuel Sanders. It is our opinion that an assignment in payment of a debt to one creditor made in good faith is a preference of that one creditor and not an assignment for the benefit of creditors. Section 10026, O. S. 1931, would indicate that an assignment for the benefit of creditors is a conveyance by some one "in trust towards the satisfaction of his creditors." To hold that the assignment in this case was in effect an assignment for benefit of creditors would put an unreasonable interpretation upon the instrument itself, and would in effect make it impossible for a debtor in good faith to prefer one creditor over another, as is authorized by section 10012, O. S. 1931. While this last referred to section is not identical with the statute in effect in Oklahoma Territory, the difference is not important and the territorial court has pointed out that this statute is merely declaratory of the common law and has set out the distinction between an assignment to pay one or more creditors and a general assignment for the benefit of creditors. We refer to the case of Smith et al. v. Baker et al., 5 Okla. 326, 49 P. 61. The first and second syllabus paragraphs are:

"The right of an insolvent debtor to pay one or more creditors in preference to others, and the right to make a general assignment for the benefit of all his creditors ratably, are distinct and independent rights.

"Where an insolvent debtor makes conveyance of the whole of his property, by bill of sale or chattel mortgage, to one or more of his creditors, in good faith, and in absolute, executed payment of a bona fide debt, or for the security of a bona fide indebtedness, although in exclusion of other creditors, the transaction lacks the essential elements of a trust, and cannot be brought within the range of the statute relating to voluntary assignments. The statute regulating and permitting voluntary assignments by insolvent debtors for the benefit of creditors was not intended to, and does not, affect or qualify the right of such debtors to make preferences among their creditors under section 4 of chapter 27 of the Statutes of 1893."

3. It is next contended by the plaintiffs that the judgment is erroneous for the reason that this assignment is nothing more or less than a check and not valid as an assignment until accepted by the holder of the funds. This assertion of fact stands unsupported by any argument or authority. From this premise, they argued that the assignment in question is void because the authorities cited by them hold checks are not a valid assignment until accepted by the drawee bank. Those cases are not controlling for the reason that the Negotiable Instruments Law expressly provides that a bill of exchange does not of itself operate as an assignment of funds in the hands of the drawee available for the payment thereof. In other words, a check is nothing but an order to pay funds. This court has held in Bell-Wayland Co. v. Bank of Sugden et al., 95 Okla. 67, 218 P. 705:

"Checks are but bills of exchange payable on demand, and do not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

Whereas, our court has defined an assignment in the case of Noble v. Ft. Smith Wholesale Grocery Co., 34 Okla. 662, 127 P. 14, 46 L. R. A. (N. S.) 455:

"An 'assignment' is a transfer or setting over of property, or of some right or interest therein, from one person to another; the term denoting not only the act of transfer, but also the instrument effecting it."

As a general rule, the acceptance of the debtor of an assignment is not essential to the validity thereof. 5 Corpus Juris, 937; Krapp v. Eldridge (Kan.) 5 P. 372. The general rule is controlling in the case at bar.

4. It is finally contended by the plaintiffs that in order to sustain the position of the intervener, it was necessary that she prove her good faith, the ownership of a valid legal indebtedness against Jas. Sanders, that her assignment was duly recorded, and that the value of the property taken did not exceed

the amount of the indebtedness due her. In view of what has already been said, it is apparent that it was not necessary for the intervener to prove all these things. The statute in question does, however, require good faith. If there was no valid legal indebtedness, that alone might under some circumstances indicate bad faith, or if the value of the property assigned was grossly in excess of the indebtedness, that might alone be sufficient to cast doubt upon the good faith of the entire transaction. We have carefully read the record and it shows that services were rendered reasonably worth the value of the property assigned and transferred. A recital of the evidence would serve no good purpose.

We believe the court reached the proper conclusion, and are of the opinion that no error was committed, and that the findings and judgment rendered should be and the same hereby are affirmed.

The Supreme Court acknowledges the aid of Attorneys Elton B. Hunt, R. D. Hudson, and Jos. L. Hull in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hunt and approved by Mr. Hudson and Mr. Hull, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.