305 P.2d 882

Earl D. TANNER, Respondent,

v.

W. C. LAWLER and Laura M. Lawler, his
wife, Defendants and Appellants

(Walter H. Reichert, Counterclaimant as to
Earl D. Tanner, and Plaintiff against
George Beckstead, Sheriff,

v.

George Beckstead, as Sheriff of Salt Lake
County, Utah, Defendant in Interven-
tion, and Respondent.)

No. 8518.

Supreme Court of Utah.

Jan. 5, 1957.

Elias Hansen, Salt Lake City, for appellant.

Earl D. Tanner, Frank E. Moss, W. T. Thurman and D. Frank Wilkins, County Attorney, Salt Lake City, for respondent.

WADE, Justice.

Plaintiff, Earl D. Tanner, respondent here, brought this action to obtain possession and damages for unlawful detainer of a tract of land with a home thereon. Tanner claims ownership of this property by a sheriff's deed under a mortgage foreclosure and sheriff's sale from which he redeemed the property as assignee of a judgment lien in favor of Paul Clowes. The defendant and intervener Walter Reichert, one of the appellants here, claims the property as the assignee of the judgment creditor in the foreclosure suit who bid the property in for the full amount of its judgment and assigned the Sheriff's Sale Certificate to Reichert for the amount necessary to redeem the property from such sheriff's sale. On the advice of his counsel and with actual knowledge that Tanner was interested in redeeming this property from the sheriff's sale, Reichert intentionally took an assignment of the Sheriff's Sale Certificate in-

stead of a Certificate of Redemption. The defendants and appellants, W. C. Lawler and wife, have occupied the premises since April, 1952, with three minor children, as purchasers and mortgagors and claim a homestead exemption of $3,650 as against the respondent's right to redeem which they have quitclaimed to Reichert.

The foregoing and following facts are either shown without dispute in the evidence or by stipulation:

In August of 1950, James C. Magana and wife delivered to the Pacific National Life Assurance Company a mortgage on such property which eventually secured the payment of two promissory notes for a total of $9,379. On April 9, 1952, the Maganas conveyed the mortgaged property to Reichert and he and his wife on April 14, 1952, conveyed such property to the Lawlers. Each of the grantees in such conveyances assumed and agreed to pay the balance of the indebtedness secured by such mortgage. The payments due on such mortgage indebtedness being delinquent, on December 15, 1954, Pacific National Life Assurance Company commenced action to foreclose the mortgage against the Maganas, Reicherts and Lawlers as mortgage debtors and various claimants of subsequent liens against the mortgaged property. In that action five subsequent liens were claimed against the mortgaged property for debts owing by the Lawlers totaling $7,573.-47. One was a judgment lien of Paul Clowes for $1,555.48 dated May 28, 1954, and another a judgment lien of Reichert against the Lawlers for $4,017.20, dated May 18, 1955. Although all of these liens were pleaded in the mortgage foreclosure case the only judgment entered in that case was the one foreclosing the Pacific National Life Assurance Company's mortgage and that company bid the property in on the sheriff's sale for the full amount of the judgment of $8,563.48 on July 5, 1955.

Thereafter, on December 27, 1955, Lawler made his Homestead Declaration, the next day Reichert paid the Pacific National Life Assurance Company $8,821.91 for an assignment of the Sheriff's Certificate of Sale and on December 29, 1955, the Lawlers quitclaimed their interest in the mortgaged property to Reichert. On December 29, 1955, the foregoing instruments were recorded and a copy of such instruments was served upon the sheriff together with a notice of the assignment of the Sheriff's Certificate of Sale to Reichert. Subsequently on the same day Tanner served notice on the sheriff of his intention to redeem the property from the sheriff's sale as assignee of the Clowes' lien together with an affidavit showing the amount then owing on the judgment lien, an assignment to him and a cashier's check for $9,078.81 payable to the sheriff for Reichert as assignee of the Sheriff's Certificate of Sale and received from the sheriff a Redemption Certificate and after the expiration of the redemption

period on January 6, 1956, he received a Sheriff's Deed to the property. Since then Reichert has retained possession of the premises through the Lawlers as his tenants although the time allowed after due notice to the Lawlers to surrender such premises has long since expired. The fair rental value of such premises is $100 per month. The trial court awarded to plaintiff possession of the premises and treble damages against the appellants who have furnished a stay bond on this appeal.

Appellants contend that the payment to the Assurance Company, and assignment of the Certificate of Sale to Reichert, and the quitclaim deed from the Lawlers to him were in effect a redemption by Reichert as "the judgment debtor" which terminated the effect of the sale and any right to redeem by the holders of liens which were subsequent to the mortgage and restored Reichert to his former estate and the former estate of the Lawlers giving him the benefit of their claim of homestead exemption in this property.

Rule 69(f), Utah Rules of Civil Procedure deals with the right to redeem from a sheriff's sale of real property and is divided into five subdivisions containing the following provisions:

"(1) * * * Property sold subject to redemption, * * * may be redeemed by * * * (1) The judgment debtor; (2) a creditor having a lien by judgment or mortgage on the property sold, * * * subsequent to that on which the property was sold."

"(2) * * * At the time of redemption the person seeking the same may make payment of the amount required to the person from whom the property is being redeemed, or for him to the officer who made the sale, or his successor in office. At the same time the redemptioner must produce to the officer or person from whom he seeks to redeem, and serve with his notice to the officer: (1) a certified copy of the docket of the judgment under which he claims the right to redeem, or, if he redeems upon a mortgage or other lien, a memorandum of the record thereof certified by the recorder; (2) an assignment, properly acknowledged or proved, where the same is necessary to establish his claim; (3) an affidavit by himself or his agent showing the amount then actually due on the lien."

"(3) * * * The property may be redeemed from the purchaser within six months after the sale on paying the amount of his purchase with 6 per cent thereon in addition, * * *."

"(4) * * * If the property is redeemed by a creditor, any other creditor having a right of redemption may, within 60 days after the last redemption and within six months after the sale, redeem the property from such last redemptioner in the same manner as provided in the preceding subdivi-

sion, upon paying the sum of such last redemption, with three per cent thereon in addition * * *."

"(5) * * * If no redemption is made within six months after the sale, the purchaser or his assignee is entitled to a conveyance; or if so redeemed, whenever sixty days have elapsed and no other redemption by a creditor has been made and notice thereof has been given, the last redemptioner, or his assignee, is entitled to a sheriff's deed at the expiration of six months after the sale. If the judgment debtor redeems, he must make the same payments as are required to effect a redemption by a creditor. If the debtor redeems, the effect of the sale is terminated and he is restored to his estate. Upon a redemption by the debtor, the person to whom the payment is made must execute and deliver to him a certificate of redemption, duly acknowledged * * *."

Section 28–1–2, U.C.A.1953 provides:

"When a homestead is conveyed by the owner thereof such conveyance shall not subject the premises to any lien or encumbrance to which it would not be subject in the hands of the owner; and the proceeds of the sale thereof, to the amount of the exemption existing at the time of sale, shall be exempt from execution or other process for one year after the receipt thereof by the person entitled to the exemption."

Since Reichert, deliberately and on the advice of counsel with knowledge that Tanner was interested in redeeming this property, chose to take an assignment from the Assurance Company instead of a Certificate of Redemption, he is now bound by that choice. So it is necessary for us to determine what was the effect of that assignment on the further rights to redeem this property from that sheriff's sale.

An assignment merely sets over or transfers the interest of one party in certain property to another.[1] Such an assignment does not have the effect of canceling any rights which other persons have in connection with such property. The Assurance Company by the foreclosure and purchase of this property acquired the right to a sheriff's deed to the property free from the Lawlers' homestead exemption claim[2] and free from the judgment and tax liens but subject to the right of redemption within the redemption period in accordance with our previous statute and present Rule by "(1) [T]he judgment

---

1. See Edison v. Frazier, 4 Eng. 219, 9 Ark. 219; Macklin v. Kinealy, 141 Mo. 113, 41 S.W. 893; Minshall v. Sanders, 175 Okl. 1, 51 P.2d 940, 942.

2. Section 28–1–1, U.C.A.1953 expressly provides that the homestead shall not be exempt from "judgments obtained on debts secured by lawful mortgage on the premises."

debtor; (2) a creditor having a lien by judgment or mortgage on the property sold * * * subsequent to that on which the property was sold." So Reichert took his assignment of the Sheriff's Sale Certificate subject to the right of redemption within the redemption period by a creditor having a judgment lien which was subject to the judgment under which the sale was made.

Plaintiff Tanner is the assignee of a creditor having a judgment lien subsequent to the foreclosure lien against the property sold. Rule 69(f) (1) expressly provides that such a creditor may redeem and Rule 69(f) (2) clearly indicates that an assignee of such creditor acquires such creditor's right to redeem for it requires notice to the officer of "an assignment, properly acknowledged or proved, where the same is necessary to establish his claim." So the trial court correctly held that plaintiff had the right to redeem at any time during the redemption period and that having exercised that right and no further redemptions having occurred during that period he was entitled to the Sheriff's Deed, which gave him title to the property free from the homestead exemption and all liens which were subsequent to the mortgage which had been foreclosed.

It is true that Rule 69(f) (5) provides that "[I]f the debtor redeems, the effect of the sale is terminated and he is restored to his estate." Had Reichert chosen to take a Certificate of Redemption instead of an assignment he probably could have claimed the benefits of this provision. He was clearly a judgment debtor and with a quit-claim deed from the Lawlers he probably would have been restored to the former estate in this property of himself and them. Of course he would have taken the property free from the mortgage indebtedness which he had to pay to the extent of the purchase price at the sale in order to redeem, but it is doubtful that the estate to which he would have been restored would be free from the subsequent liens. This suggests the reason why Reichert chose to take an assignment rather than a Certificate of Redemption. It is not necessary for us to decide any of the questions mentioned in this paragraph because Reichert did not choose to redeem from the sheriff's sale but merely took an assignment of the Certificate of Sale from the Assurance Company.

Reichert further contends that regardless of whether he is the owner of this property he was not guilty of unlawful detainer under our statute [3] and the court

---

3. See 78-36-1 to 10, U.C.A.1953: Especially Section 78-36-3(2) which provides that, "in cases of tenancies at will, where he remains in possession of such premises after the expiration of the notice of not less than five days"; and 78-36-10 which provides a judgment "for three times the amount of the damages thus assessed."

90

erred in awarding plaintiff treble damages against him. This contention is based on four propositions: (1) Treble damages for unlawful detainer is a harsh statutory remedy and should be awarded only on strict compliance with all the statutory provisions. (2) Reichert was not personally served with notice to surrender the premises as required by the statute and there is no showing that he had personal knowledge of the service of such notice on the Lawlers. (3) Reichert was not the occupant of the premises and it is only claimed that the Lawlers were his tenants. It is not claimed that they were his agents. (4) There is no showing that he had the right to require the Lawlers to surrender possession had he so desired.

On the other hand, it is clear that Reichert knew that Tanner was interested in redeeming this property from the sheriff's sale when he took the assignment from the Assurance Company of the Sheriff's Certificate of Sale. Through his attorney and probably by personal knowledge he knew that Tanner did redeem the property and that on January 6, 1956, received the sheriff's deed thereto and that about January 30, 1956, Tanner commenced this action in unlawful detainer against the Lawlers and he intervened in this action on February 10, 1956, and both he and the Lawlers in this action claimed that he was the owner of the property and that the Lawlers were entitled to possession of the property as his tenants which was the only defense interposed in this action.

Section 78–36–7, U.C.A.1953, provides that:

"No person other than the tenant of the premises, and subtenant if there is one in the actual occupation of the premises when the action is commenced, need be made a party defendant in the proceeding, * * * but when it appears that any of the parties served with process *or appearing* in the proceedings are guilty, judgment must be rendered against them * *." (Emphasis ours.)

This presents the problem of whether a person, not actually occupying the premises and who does not claim as tenant of the person bringing the action, intervenes in the action and asserts ownership of the property and both he and the actual occupant assert the right of possession in the actual occupant only as such intervener's tenant, is guilty of unlawful detainer of the property where the court in such action finally decides that the intervener's claim to such property is invalid.

Here it is evident that the money judgment against the Lawlers is not collectable. There are liens for more than $7,000 against any interest they may have in real property in this county and the mortgage foreclosure judgment was allowed to go to sale. Reichert has deposited a stay bond in order for

the Lawlers to retain possession of the property pending the appeal but no such bond was deposited for the Lawlers. If a money judgment is awarded only against the Lawlers then Reichert's stay bond will have the effect of preventing Tanner from obtaining possession of the property pending this appeal but he will be unable to collect from such bond the judgment against the Lawlers, although as Reichert's tenants the Lawlers may voluntarily pay him the rental value of the property during that time.

By the terms "when it appears that any of the parties * * * appearing in the proceedings are guilty, judgment must be rendered against them" the statute indicates that a person appearing in this kind of a case and asserting that the actual occupant is rightfully in possession as his tenant will be subject to a personal judgment against him for treble damages if the court decides his claim is invalid.[4] We conclude that such was the effect of that statute. The judgment for treble damages covered only the period to the time the judgment was rendered but the Lawlers continued to occupy the premises as Reichert's tenants pending the outcome of this appeal, so Tanner will be entitled to open the case and prove the additional damages to which he may be entitled after the case is remitted to the trial court.

Judgment affirmed with costs to respondent.

McDONOUGH, C. J., and HENRIOD, J., concur.

WORTHEN, J., concurs in the result.

CROCKETT, Justice (concurring in part and dissenting in part).

I concur except that I do not think treble damages should be allowed against the defendant, Reichert. Reichert was admittedly not personally served with the notice prerequisite to making in unlawful detainer of the premises; he was not the occupant, and from anything that appears here he may have had to bring an unlawful detainer action himself to get possession.

Section 78–36–7, referred to in the main opinion, simply deals with necessary parties defendant and provides that no person other than the one in actual possession *need* be joined. It is plain that it was intended to prevent others than the occupant of premises from hiding behind him and then asserting the right of possession after the judgment is entered by claiming the plaintiff "got the wrong pig by the ear." That is the full import of that statute. It has nothing to do with placing other parties, not served with the statutory notice, in unlawful detainer so as to invoke the treble damage provision against them. Were it so, numerous situations could exist where the

---

4. See Emerick v. Travener, 9 Grat., Va., 220, 58 Am.Dec. 217, 223–224.

gravest injustice would inure to such persons without them having the slightest possibility of complying with the notice or exculpating themselves from that onerous and inequitable provision.

Section 78–36–7 makes no reference whatsoever to rent or treble damages, and advisedly so, because persons out of possession, but who may be joined or intervene, claiming possessory rights, would obviously not be liable for either under usual circumstances. It is only by a liberal, if not strained, construction of the statutes that Reichert, who was not in actual possession, and not served with the statutory notice, could be held responsible under the treble damages provision. This is at variance with the uniformly accepted law on the subject: that because the treble damages provision is a harsh remedy, the statute should be strictly construed against him who asserts it, and further, it must be strictly complied with *as to the party* against whom it is asserted.

A case directly in point which should be controlling here is Perkins v. Spencer, Utah, 243 P.2d 446, wherein this court unanimously held that a husband who was not personally served with the notice was not liable for treble damages, although his wife was served.

Inasmuch as Mr. Reichert appeared in the action, he is, of course, bound by the other portions of the judgment, but for the reasons above stated, it seems to me entirely improper to impose the treble damage penalty against him.