445 P.2d 1

**AMERICAN SAVINGS & LOAN ASSOCIATION, a corporation, Plaintiff and Respondent,**

v.

**Wayne T. BLOMQUIST and Ruth E. Blomquist, his wife, Zions Savings & Loan Association, a corporation, Joseph E. Nelson and People's Finance & Thrift, a corporation, Defendants and Appellants.**

No. 10856.

Supreme Court of Utah.

Sept. 13, 1968.

Ronald C. Barker, Salt Lake City, for appellants.

A. H. Boyce, Salt Lake City, for respondent.

CALLISTER, Justice:

Plaintiff commenced this action to foreclose a real estate mortgage on the residence of defendants. On the day of trial, the court determined that there was no issue of fact to be submitted to the jury and ren-

dered a judgment of foreclosure to plaintiff. The appellants-defendants seek an order providing that respondent improperly accelerated the mortgage debt on January 8, 1965, or in the alternative a remand of this case for a jury trial.

The note executed by the appellants and secured by a real estate mortgage on their residence provided that the monthly installments were to be paid by the 15th day of each month. The terms of the note further specified that if any payment were not paid in full on the due date appellants would pay a collection charge of five cents on each dollar delinquent to cover the additional costs of handling.

The mortgage provided that in addition to the monthly payments of principal and interest provided in the note the mortgagors would pay to the mortgagee a sum equal to the premiums on policies of fire and hazard insurance on the mortgaged premises plus taxes and assessments. These payments were to be estimated by the mortgagee and were to be apportioned in such manner that sufficient funds would accrue in a trust account one month prior to the date such premium or tax would become delinquent.

Appellants were consistently late in making their monthly payments, and respondent, in accordance with the note, assessed a charge of $5.94 for each late payment. On December 15, 1963, respondent increased by $2.00 a month the payments to the reserve account for insurance and taxes; appellants refused to increase their monthly payments correspondingly.

On December 14, 1964, respondent sent a letter demanding the following payment:

| | |
|---|---:|
| November 15 payment | $149.00 |
| 11 payments short $2.00 | 22.00 |
| (Payments during 1964 should have been $149 instead of $147) | |
| 14 unpaid late fees at $5.94 each | 83.16 |
| | $254.16 |

The letter stated that in order to bring the loan current, it would be necessary for respondent to receive a check for the amount shown. Appellants were informed that respondent would not accept a partial payment, and if payment were remitted after December 25, they should include the December 15 installment on the loan.

On December 28, respondent received a check which it returned because the amount was incorrect and referred to its letter of December 14. Respondent further

stated that the December installment should be paid to avoid additional late charges.

Appellants again tendered the check of $147 on the 6th of January, 1965; respondent on the same date sent a letter declining partial payment and stating that appellants should pay immediately the charges reflected in the letter of December 14 and the December 15 payment including the late charge.

Appellants tendered the same check for $147 on the 8th of January, 1965. Respondent returned the check with a letter giving notice that respondent had elected to accelerate the mortgage debt pursuant to the provisions of the note and mortgage and that appellants had 30 days to pay off the loan.

The trial court found that respondent had not waived any default of appellants, that appellants' tender thrice of $147 was inadequate to cure a default prior to the respondent's acceleration of the debt, that respondent's correspondence with appellants and the return of the check twice gave appellants adequate notice of respondent's demand of strict performance, and that appellants were given a reasonable time in which to comply with respondent's demand for strict performance.

Appellants contend that by respondent's letter of December 14, 1964, their default of the November 15 payment was waived and respondent elected to collect a late charge; therefore, respondent's acceleration of the debt on January 8, 1965, was premature under the terms of the note. The note provided:

> If any deficiency in the payment of any installment of this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. * * *

It is appellants' theory that there is a question of fact which a jury must determine as to whether respondent waived appellants' default of the November 15 payment and therefore respondent was precluded from accelerating the indebtedness until January 15, the time at which the December 15 installment would be in default.

> * * * A waiver is the intentional relinquishment of a known right. To constitute a waiver, there must be an existing right, benefit, or advantage, a knowledge of its existence, and an intention to relinquish it. It must be distinctly made, although it may be express or implied.[1]

---

1. Phoenix Insurance Co. v. Heath, 90 Utah 187, 194, 61 P.2d 308, 106 A.L.R. 1391 (1936).

■ ■ Through no tortuous process of reasoning can this letter of December 14, demanding strict performance and giving notification thereof, be construed as a waiver of the mortgagee's right to accelerate the debt, if the existing delinquencies remained uncured.

■ Appellants further contend that the tender of the check for $147 was adequate and improperly refused because under the terms of the note the debt may only be accelerated if there were a default in the installments of principal and interest, and this payment was specified by the note as $118.75. However, the mortgage provides:

. If default be made in any argreement herein contained, or in the payment of any money hereby secured, or in the payment of any special or general taxes or assessments when due, the mortgagee, its successors or assigns, may without prior notice or demand declare the entire indebtedness due and foreclose this mortgage, * * *.

Under the majority rule, an acceleration provision in a mortgage securing a note enters into and becomes a part of the note, so that the maturity of the note is advanced in like manner with the maturity of the mortgage. The courts proceed on the theory that the note and mortgage, though separate instruments, are not separate contracts, but, being executed at the same time and in the course of the same transaction, constitute a single contract. Accordingly, the note and mortgage are construed as a single contract, and an acceleration provision in the mortgage operates on the note, the same as upon the mortgage itself and matures the note for all purposes.[2]

In the instant action, the mortgage and note must be construed as one contract. The mortgagors specifically agreed to pay the sums as estimated by the mortgagee into the reserve account; appellants defaulted in this obligation. The fact that the mortgagor might pay any special or general taxes and demand reimbursement does not alter the mortgagors' obligation to make payments into the reserve account. Appellants' tender of $147 was inadequate to cover all existing delinquencies prior to the time respondent declared the entire debt due.[3]

■ Appellants finally contend that they were given inadequate notice that respondent would demand strict performance in the future and a reasonable time to comply therewith. By the letters of December 14

2. 34 A.L.R. 851, 852, 855, Anno—Acceleration of Mortgage—Effect on Note; also see Farmers and Merchants Bank v. Copple, 190 Kan. 170, 373 P.2d 219, 223 (1962).

3. Romero v. Schmidt, 15 Utah 2d 300, 392 P.2d 37 (1964).

and 28 and January 6, the respondent unequivocally demanded strict performance and rejected appellants' response thereto with a check of $147 as an inadequate tender. From all the surrounding facts and circumstances, there is no evidentiary basis to hold that the trial court erred in its determination that appellants were given adequate notice and a reasonable time to comply.

Judgment of the trial court is affirmed.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.