FIREMAN'S INSURANCE CO., Plaintiff,

v.

Ann Larsen BROWN et al., Defendants,

v.

Russell G. FULLMER, Cross-Complainant and Respondent,

v.

Ann Larsen BROWN, Cross-Defendant and Appellant.

No. 13670.

Supreme Court of Utah.

Dec. 9, 1974.

Robert B. Hansen, Salt Lake City, for Ann Larsen Brown.

David E. West, of Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for Russell G. Fullmer.

HARDING, District Judge:

This appeal involves only the appellant and the respondent.

Appellant, as the seller, and respondent, as the buyer, entered into a Uniform Real Estate Contract on April 1, 1971, for the sale and purchase of a home in Salt Lake City, Utah. The purchase price was $11,000. The unpaid balance was payable at the rate of $100 per month with interest at the rate of 7½ per cent per annum on the reducing balance. The contract permitted the buyer to pay amounts in excess of the stipulated monthly payments, but required him to elect at the time of making the excess payment whether it should apply to the unpaid principal or to prepayment of future installments.

On September 21, 1971, the home was partially destroyed by fire. It was covered by fire insurance. The parties failed to agree on the distribution of the proceeds of the insurance policy. The court properly resolved the matter by applying $8,000 of the proceeds as a credit on the unpaid principal of the contract,

and determined that, with such application, the unpaid balance was $3,040.26 plus interest at 7½ per cent per annum from March 1, 1972.

■ The buyer failed to make the monthly payments from April 1, 1972, to March 1, 1973. Thereupon, the seller attempted to serve a notice to quit on the buyer. Under the circumstances a notice in accordance with Section 78–36–3(5) should have preceded any notice to quit, and to have been uncomplied with for five days after the service before a notice to quit would have been in order. The notice was not properly served, but the attorney who had formerly represented the buyer, without authorization ·from the buyer, responded by insisting that the contract was not delinquent, and that certain legal liability would be incurred by the seller if the prospective course of action were pursued. On advice of counsel, the seller took no further action. The buyer failed to make the monthly installment payments for eight more months. On December 1, 1973, the buyer paid $1,000, and then on December 31, 1973, tendered the sum of $2,439.26 as full payment of the remaining balance and asked for a conveyance of title to the property.

The parties failed to agree as to the amount owing, and another action was taken to the court for resolution. The court determined that $2,439.26 was the correct amount owing and ordered the seller to convey title upon payment of that sum.

The seller claims that the parties modified the contract by the interchange of correspondence between counsel in March and April of 1973, to permit the reapplication of the $8,000 payment from a payment on the then contract balance to a prepayment of future payments. The seller insists that the parties made this reapplication, and that the seller was entitled to the interest free use of the $8,000 payment until, and as, it was applied to meet the monthly installments from month to month. At the same time the buyer would be charged full interest on the contract balance without any credit for the $8,000 payment, except as the monthly installments were credited. Over the 80-month period the seller would be given the equivalent of the free use of approximately $4,000 for six years and eight months, while charging the buyer interest thereon at the contract rate. The very first month after the reapplication would have cost the buyer $49.37 ($7,900 × 7½ per cent ÷ 12), the early months bearing the highest cost.

■ This appears to us to be unconscionable. We see no reason why, where excess payments are allowed that they cannot be applied to reduce the contract balance and also be prepayments of monthly installments, if the buyer so elects. The seller would sustain no detriment.

■ There is no question but that the buyer was in default in not making the monthly installment payments. Each month's failure to pay was a default. The seller had a remedy if it had been sought. Since the buyer had been in default for 20 months, and the seller refused to convey on proper tender, there was good reason to make no award of attorney fees to either side.

The trial court heard the matter and found the facts. We see no reason to disturb the findings. The court correctly applied the law to the facts.

The trial court's findings and order are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., having disqualified himself, does not participate herein.