SWEETWATER PROPERTIES, et al., Plaintiffs and Respondents,

v.

TOWN OF ALTA, Utah, a municipal corporation, et al., Defendants and Appellants.

No. 17064.

Supreme Court of Utah.

Oct. 29, 1981.

Robert S. Campbell, David L. Wilkinson, James P. Cowley, Kent S. Lewis, Duane R. Smith, Ted Cannon, E. Barney Gesas, Salt Lake City, for defendants and appellants.

E. Craig Smay, Park City, David L. Gillette, Salt Lake City, for plaintiffs and respondents.

BUNNELL, District Judge:

A rehearing was granted to further consider the Court's decision in this case issued January 14, 1981, 622 P.2d 1178, limited to this specific issue:

> Under what circumstances can the town of Alta, *sua sponte*, initiate a Policy Declaration for annexation pursuant to Title 10–2–401 through 423, U.C.A., 1953, as amended.

Upon the basis of supplemental briefs and arguments, the Court has concluded that the said previously issued decision

should be modified by deleting therefrom the tenth paragraph thereof which reads:

Except for their right to be heard at the public hearing before adoption of the policy declaration and asserting whatever influence they may have within the governing body of the city or other affected entities, the property owner cannot prevent the annexation if there is compliance with these sections of the law.

And further, delete from the first sentence of paragraph 11 the words "However," and "additional."

Except for the deletion of the language just quoted, it is not intended that this supplement will in any way affect the adjudication of issues in the prior decision.

HALL, C. J., and J. ALLAN CROCKETT, Retired Justice, concur.

STEWART, J., having disqualified himself, does not participate herein; BUNNELL, District Judge, sat.

OAKS, J., does not participate herein; J. ALLAN CROCKETT, Retired Justice, sat.

MAUGHAN, J., heard the arguments, but died before this opinion was filed.

HOWE, Justice (concurring):

I concur in deleting the 10th paragraph of the opinion. I would excise the four preceding paragraphs, viz., paragraphs 6, 7, 8 and 9 as well. The statements made therein are clearly dicta since they concern the annexation of property without the petition and consent of a majority of the owners thereof.

That question is not before us in this case and I desire to express no opinion whatever on that subject. Determination of that question should await a later case when the question is squarely before us and has been fully briefed and argued. The majority opinion seems to indicate that such an annexation could be made, but it does not recognize and give effect to the last sentence in § 10–2–416, U.C.A.1953, which provides "except as provided for in § 10–2–420 [dealing with annexation of islands and peninsulas], no annexation may be initiated except by a petition [of landowners] filed pursuant to the requirements set forth herein."

That sentence is in conflict with statements made in paragraphs 6 through 10 of the majority opinion, and argues for the reservation of the expression of any opinion on the question of annexation until it is before us.