**Thach P. DANG and his wife, Bach T. Le, dba Saigon Restaurant and Food Store, Plaintiffs and Respondents,**

v.

**COX CORPORATION, a Utah corporation, and Paul Cox, Defendants and Appellants.**

No. 17515.

Supreme Court of Utah.

Sept. 13, 1982.

James R. Blakesley, Salt Lake City, for defendants and appellants.

Marcus G. Theodore, Salt Lake City, for plaintiffs and respondents.

DURHAM, Justice:

This case arose from a dispute between Thach P. Dang and his wife, Bach T. Le (respondents) and Cox Corporation (appellant) concerning payment of rent and a notice of eviction related to a lease. The appellant's claims of unlawful detainer and for common law ejectment were rejected. The trial court, instead, awarded a rent abatement to the respondents for a limited period and permitted them to remain in possession of the leased property. We affirm.

In September of 1979, the parties signed a five-year lease on the appellant's property in Salt Lake City to be used by the respondents as an oriental restaurant and food store. The lease provided for occupancy on October 1 at a monthly rental rate of $1,600, the first and last months' rent to be paid in advance. The appellant agreed to build an addition to the building already on the property. The parties disagreed regarding whether or not this addition was to be completed by early October. The respondents claim that they were not able to move onto the existing premises until October 20 and that heat was not supplied to the building until November 20. The addition to the building was not ready for occupancy until February 15 of 1980.

The respondents paid the appellant $2,600 in late September and made no further payments until receipt of a "three-day notice to vacate or pay rent" on January 14, 1980. The appellant claimed $4,400 was due in back rent, calculated at a rate of $1,100 per month for October, November, December and January. The appellant discounted the rent because the addition was incomplete. Within three days of receipt of the notice, the respondents tendered payment of $2,400, calculated at a rate of $800 per month for November, December and January. The respondents claimed that the $800 rent due for October was included in the $2,600 payment in late September. Appellant refused the tender of $2,400 and continued to demand a rental payment of $1,100 per month.

The respondents initiated this action in February 1980 by filing a complaint which stated that the appellant had failed to deliver the premises as required on October 1, had breached the covenant of quiet enjoy-

ment, and had committed assault and battery in an altercation with Thach P. Dang over the amount of rent due. The respondents requested the court to enjoin the appellant from interfering with the respondents' business and to order an accounting of all sums due and owing under the lease. A restraining order was issued and on February 22, the respondents secured an order permitting them to deposit "rent checks into court pending resolution of the above-entitled matter," subject to the appellant's right to object to the order by motion. The appellant filed counterclaims for unlawful detainer and common law ejectment. On May 16, 1980, the appellant served on the respondents a second "three-day notice to pay rent or vacate," claiming that $12,800 in back rent was due and owing. Apparently, this was calculated on a rental rate of $1,600 per month, beginning October 1, 1979.

The threshold issues in this appeal must be addressed in tandem: first, whether the trial court was correct in finding that there was no unlawful detainer, and second, whether the court was correct in allowing a rent abatement to permit the respondents to pay $800 per month from October 1, 1979, until February 15, 1980. If the trial court was correct in finding that the respondents satisfied their obligation under the lease by paying rent of $800 per month until the addition was occupied, the appellant's claim of unlawful detainer fails because the respondents tendered the rent due calculated at $800 per month within three days of the receipt of the notice of January 14, 1980.

█ The trial court made a finding of fact that the parties had agreed that $800 would be the appropriate rent until the appellant had finished the addition to the building already located on the property. The respondents testified to this agreement and offered as further evidence of it the appellant's acceptance of the initial $1,600 payment in late September as an $800 payment of the October rent and $800 payment on the last month's rent due. The appellant denied the existence of any agreement to pay only $800 per month. This Court will not substitute its judgment for that of the trial court or disturb the trial court's findings of fact when they are based on substantial, competent and admissible evidence. *Fisher v. Taylor,* Utah, 572 P.2d 393 (1977); *Erickson v. Beardall,* 20 Utah 2d 287, 437 P.2d 210 (1968). Even in equity actions where it is the Supreme Court's responsibility to review evidence as well as law, we will not disturb findings of fact made below unless they appear to be clearly erroneous and against the weight of evidence. *McBride v. McBride,* Utah, 581 P.2d 996 (1978). When, as here, there is conflicting evidence, we give deference to the trial court as the factfinder and we acknowledge its advantageous position vis-a-vis the trial, the parties, and the witnesses. *Izatt v. Izatt,* Utah, 627 P.2d 49 (1981); *Jackson v. Jackson,* Utah, 617 P.2d 338 (1980). There is little dispute that both parties understood that there was to be some adjustment in monthly rental due to the noncompletion of the addition in early October and for several months following. The appellant claims a $500 adjustment with $1,100 rent due per month, while respondents claim an $800 adjustment. After hearing the conflicting testimony, observing the witnesses, and receiving evidence at trial, the trial court found that there was an agreement between the parties that the rent to be paid until the new addition could be occupied was $800 per month. The trial court also found that the $800 rental payment was a reasonable rental value for the premises with the incomplete addition. Those findings are supported by evidence in the record, and therefore, we will not disturb them.

█ We also conclude that the appellant's claim of unlawful detainer based on its notice of January 14, 1980, fails because of the respondents' tender of the rent due. Mr. Dang testified that he tendered $2,400 within three days of receipt of the notice. The appellant claims no tender was made directly to it, but does admit a tender may have been made to its attorney. The trial court made a general finding of fact that

all rent due had been tendered by the respondents. Regardless of whether the unlawful detainer notice was defective, when the respondents paid within three days the rent due, as determined by the trial court, the statutory requirements were satisfied and no cause of action for unlawful detainer survived.

■ The appellant also served on the respondents a second notice in May of 1980. In this notice, the appellant claims back rent calculated at a rate of $1,600 per month. It further claims that even if the appropriate rental charge up to February 15 was $800, the respondents were in arrears in their rental payments to the clerk of the court. The appellant was apparently attempting to "piggyback" on the pending action a second unlawful detainer action based on the May notice. However, the February order of the court, which permitted the respondents to pay monthly rent into the clerk of the court, also provided that the order was subject to modification or challenge on motion by the appellant. If the appellant believed that the order was somehow inadequate because it failed to specify the amount of rent which was to be paid or that the respondents were not complying, its initial action should have been by way of motion or order to show cause directed to any inadequacies in the February order or the respondents' failure to make payments. The district court had assumed jurisdiction over this dispute, including the appellant's claims of unlawful detainer and common law ejectment, and the disposition of the rental monies. The appellant's service of a second notice did not create a new cause of action cognizable by the district court in this proceeding.

The appellant claims that even if its counterclaim for unlawful detainer fails, it still has a viable cause of action on its counterclaim for common law ejectment based on its original notice of January 14. The appellant relies on *Pingree v. Continen-tal Group of Utah, Inc.,* Utah, 558 P.2d 1317 (1976), to support the proposition that its original notice in January was a notice of forfeiture and therefore constitutes a basis for its cause of action for common law ejectment. *Pingree* is distinguishable. In that case, the landowner sent a letter in September demanding that certain deficiencies be remedied within 30 days or the lessor would forfeit and terminate the lease. The following February, the lessor served a notice on the defendant which stated that they "hereby declare[d] a forfeiture" of the lease for failure to correct the deficiencies. The lessor then filed a summons which did not satisfy the requirements of the unlawful detainer statute and a complaint which contained no claims for forfeiture or unlawful detainer. An amendment to the complaint alleged unlawful detainer. This Court noted the long-standing rule that a notice of forfeiture is sufficient to terminate a lease but is not sufficient to place the lessee in unlawful detainer.[1] An unlawful detainer notice must give the alternative to perform or quit. *Fireman's Insurance Co. v. Brown,* Utah, 529 P.2d 419 (1974); *Van Zyverden v. Farrar,* 15 Utah 2d 367, 393 P.2d 468 (1964). The Court then found that the lessor's amended complaint, while stating a cause of action for unlawful detainer, was in fact a common law action for ejectment based on the notice of forfeiture.

■ In this case, we have a notice which neither satisfies the unlawful detainer statute nor constitutes a notice of forfeiture. It is a form notice with the words "Eviction Notice" in bold print in the center top of the single page form with the words "Three-Day—Notice to Vacate" underneath. In parentheses on a third line, is the word "Nuisance." On the form served on the respondents, the word "Nuisance" is scratched out and in its place are typed the words "Or Pay Rent." There are no references to the option of paying rent in the body of the form. The recipient of the

---

1. In this case, the lease contained an explicit forfeiture clause. The rule on termination of a lease may be applied in this situation if a valid notice of forfeiture is properly served. Under the facts of this case, we do not need to reach the question of whether the rule applies where there is no explicit forfeiture clause in the lease.

eviction notice is simply directed to vacate the premises within three days. There are also statutory references to U.C.A., 1953, § 78–36–3(4) which is concerned with a tenant's being in unlawful detainer for having permitted a nuisance to persist. Unlike § 78–36–3(3), which deals with failure to pay rent, there is no requirement in § 78–36–3(4) that the lessee be given the alternative of curing the default. Whereas in *Pingree* there was a clear notice of forfeiture with the Court converting a cause of action for unlawful detainer into a cause of action for common law ejectment, we have in this case a cause of action based on common law ejectment with the appellant asking us to convert what is ostensibly a notice of unlawful detainer into a notice of forfeiture. The critical distinction between a notice of forfeiture and a notice of unlawful detainer is that the notice of forfeiture simply declares a termination of the lease without giving the lessee the alternative of making up the deficiency. That unambiguous distinction does not exist in the notice served by the appellant. Even if we disregard the language in the body of the notice which repeatedly refers to "unlawful detainer," the appellant added the option to pay the back rent to the standard form notice to vacate. It would be anomalous to find that a notice which gives the option of performance also serves as a notice of forfeiture, which by definition does not give that option. The ambiguity in this document is the appellant's own doing and, since forfeiture is a harsh remedy, clarity must be required before any notice will work such a result.

▌The appellant also claims that the trial court erred in failing to award it approximately $1,500 in damages for the purchase of an electric sign and the cost of certain repair work on the building which the respondents occupied in October. The respondents claim that these repairs were associated with the appellant's responsibilities under the lease to remove certain "fixtures." The trial court found that these claims for damages, as well as those of the respondents for lost business, were not supported by the evidence, except for an award of $100 for the value of the electric sign.

Most of the labor and materials which the appellant claims as damages were related to installing, repairing and inspecting gas lines which were originally connected to stoves used by a previous tenant and which were altered and connected to a stove to be used by the respondents in their restaurant business. In light of the contract's requirement that the appellant should remove certain "fixtures," and the existence of conflicting testimony on this issue, we will not disturb the trial court's finding that the appellant failed to prove its claim for damages by a preponderance of evidence. Also, we will not reverse the trial court's weighing of conflicting testimony as to the value of the sign and its award to the appellant of $100 as the appropriate value.

Affirmed. Costs to respondents.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.