**Claron O. PAULSEN, et al., Plaintiffs and Respondents,**

v.

**HOOPER WATER IMPROVEMENT DISTRICT, a body politic, Defendant and Appellant.**

**No. 17934.**

Supreme Court of Utah.

Nov. 12, 1982.

---

Donald C. Hughes, Jr., Ogden, for defendant and appellant.

Roger Dutson, Roy, for plaintiffs and respondents.

DURHAM, Justice:

In this action, the defendant below, Hooper Water Improvement District, sought to prevent the withdrawal of the plaintiffs' property from the defendant's district on the ground that the plaintiffs failed to comply with the requirements of U.C.A., 1953, § 17–6–29. After hearing the evidence, the trial court found against the defendant and granted the plaintiffs' petition to withdraw. The defendant now appeals that decision. We affirm the judgment of the trial court.

On November 20, 1979, Roy City properly adopted a "Master" Policy Declaration for annexation in general. In January of 1980, the plaintiffs filed a petition with Roy City for annexation of their property, consisting of approximately 188 acres. The plaintiffs' property lies within the area set forth in Roy City's Master Policy Declaration and also within the boundaries of the defendant's district.

On February 12, 1980, Roy City held the first public hearing concerning the plaintiffs' petition for annexation. Additional hearings were subsequently conducted by Roy City to resolve some problems with respect to the annexation, such as an error in the legal description of the plaintiffs' property in their petition for annexation. On June 10, 1980, Roy City held a public hearing at which it adopted a resolution approving the annexation of the plaintiffs' property.

Meanwhile, during the annexation process affecting the plaintiffs' property, the defendant held a bond election in December of 1979 for the construction of a new water line. The plaintiffs, as owners of property within the defendant's district, participated

in that bond election. The bonds were issued on March 28, 1980, and construction began on April 1, 1980. The defendant's water line runs contiguous to the plaintiffs' property, and continues on to another area sought to be developed by the defendant. However, there were no water connections at any time from the defendant's main line to any portion of the plaintiffs' property.

After Roy City adopted the resolution of annexation, the plaintiffs filed a petition on June 23, 1980, with the trial court requesting withdrawal of their property from the defendant's district pursuant to U.C.A., 1953, § 17–6–29. The defendant contested the withdrawal claiming that it was improper under U.C.A., 1953, § 17–6–29, because (1) the defendant was "furnishing services" to the plaintiffs' property at the time that the petition for withdrawal was filed and (2) the plaintiffs' property did not lie within the boundaries of Roy City because Roy City's annexation of the plaintiffs' property failed to comply with U.C.A., 1953, §§ 10–2–401 to –423 (Supp.1981). Specifically, the defendant alleged that the annexation of the plaintiffs' property was improper because Roy City did not adopt a specific policy declaration with respect to the plaintiffs' property as required by Utah's annexation law. In addition, the defendant also challenged the legality of the annexation on the ground that Roy City had adopted the resolution of annexation prior to the expiration of the five-day period provided for in U.C.A., 1953, § 10–2–415 (Supp.1981).

After trial, the trial court found that, even though the defendant had installed main culinary water lines adjacent to the area in question, the "installation and availability" of water is not the same as furnishing culinary water services to the plaintiffs' land. Thus, the court entered a finding that the defendant "was not, at the date of the filing of the petition, furnishing culinary water service to the territory sought to be withdrawn." In addition, the trial court also entered a finding that "Roy City complied with the intent of the Annexation Law of 1979 as set forth in Utah Code Annotated [§§] 10–2–401, *et seq.,* and that

an additional Policy Declaration every time an annexation of more than five acres was attempted is not required under said law." Based on these findings of fact, the trial court granted the plaintiffs' petition to withdraw from the defendant's district.

On appeal, the defendant alleges three points of error, advancing essentially the same arguments as at trial. These arguments necessitate a close examination of the statutes in question. Sections 17–6–28 to –32 set forth a step-by-step procedure to be followed by property owners who desire to withdraw their property from an improvement district. A necessary step in that procedure is for the trial court, upon petition, to appoint a commission to set the terms of the severance so as to protect the improvement district with respect to liabilities incurred while the property sought to be withdrawn was part of the district. That section reads as follows:

> If the court finds [1] that the petition was signed by a majority of the real property owners of the territory concerned and [2] that the allegations of the petition are true and [3] *that the territory lies within the boundaries of an incorporated city or town operating or furnishing similar services as the improvement district* from which the territory would be withdrawn and [4] *that the improvement district was not,* at the date of the filing of the petition, *furnishing service to the territory sought to be withdrawn, the court shall appoint three disinterested persons as commissioners to fix the severance and withdrawal terms* as to any liabilities of the improvement district that have been incurred during the connection of the territory with the improvement district and as to the mutual property rights of the improvement district and the territory to be withdrawn.

U.C.A., 1953, § 17–6–29 (emphasis and numbering added). As outlined in the statute quoted above, four conditions are set forth which must be satisfied before the trial court can appoint a severance commission. In the present case, the defendant asserts that the latter two conditions were

not satisfied, and therefore, the trial court's granting of the plaintiffs' petition for withdrawal was improper.

■ The defendant contends that the fourth condition of § 17–6–29 was not satisfied because it was "furnishing" water service to the plaintiffs' property at the date of the filing of the plaintiffs' petition. The facts demonstrate that the defendant had installed a main culinary water line adjacent to the plaintiffs' property. They also show that there were no water connections whatsoever at any time from the defendant's main line to any portion of the plaintiffs' property. The trial court found that the "installation and availability" of water is not the same as "furnishing" services. Thus, in compliance with the fourth condition of § 17–6–29, the trial court found that the defendant "was not, at the date of the filing of the petition, furnishing culinary water service to the territory sought to be withdrawn."

"This Court will not substitute its judgment for that of the trial court or disturb the trial court's findings of fact when they are based on substantial, competent and admissible evidence." *Dang v. Cox Corporation,* Utah, 655 P.2d 658 at 660, 1982. In the present case, the defendant has not even installed service lines from its main water line to the plaintiffs' property. In fact, the defendant has only installed a main water line adjacent to the plaintiffs' property, which merely happens to continue on to another area sought to be developed by the defendant. Based on these facts, we uphold the trial court's findings that the defendant was not "furnishing" services to the plaintiffs' property by the mere installation and availability of a water line at the edge of that property.

The defendant's second and third points of error focus on the legality of the annexation of the plaintiffs' land by Roy City. We address the defendant's third point of error first, because it is without merit. The defendant is correct in its contention that § 10–2–415 requires that a municipality abstain from adopting a resolution or ordinance of annexation for a period of five days following the public hearing concerning the adoption of a specific policy declaration. This section is, however, inapplicable to the present case because Roy City neither proposed the adoption of a specific policy declaration nor held a public meeting for that purpose. Thus, there was no public hearing with respect to the adoption of a specific policy declaration from which the five-day grace period could have begun to run.

■ The defendant advances as his second point of error the trial court's finding that "an additional Policy Declaration every time an annexation of more than five acres was attempted is not required under [Utah's Annexation] law." In other words, the defendant claims that the trial court erred in finding that Roy City's Master Policy Declaration was sufficient for the annexation of the plaintiffs' property and that no specific policy declaration was necessary.

Section 10–2–416 was specifically amended by the Utah Legislature to add the last sentence which reads as follows:

> Except as provided for in section 10–2–420, no annexation may be initiated except by a petition filed pursuant to the requirements set forth herein.

U.C.A., 1953, § 10–2–416 (Supp.1981). This language specifically provides that sections 10–2–416 and –420 are the only two methods by which the annexation process may be commenced. *See also,* Development, *Local Boundary Commissions,* 1980 Utah L.Rev. 214. Section 10–2–420, however, is inapplicable to the present case.

Section 10–2–416, on the other hand, is applicable. It provides for annexation by petition and states that a "governing body may ... accept [a] petition for annexation *for the purpose of preparing a policy declaration relative to the proposed annexation." Id.* (emphasis added). This language contemplates the adoption by a municipality of a specific policy declaration for each new area in excess of five acres that is annexed. In addition, § 10–2–414 also requires the adoption of a specific policy declaration be-

cause the factors listed in § 10–2–414(2) will necessarily vary for each new area sought to be annexed. Moreover, the last paragraph of § 10–2–414 sets forth an elaborate notice provision with regard to the adoption of a proposed policy declaration. To permit a municipality to adopt a single Master Policy Declaration for all future annexations of areas in excess of five acres would render § 10–2–414(2) and the notice provisions in the last paragraph of § 10–2–414 a nullity. Thus, the defendant is correct in its contention that the trial court erred in its findings that Roy City's Master Policy Declaration was sufficient for the annexation of the plaintiffs' property and that no specific policy declaration was necessary. Although the statute does not prohibit the adoption of a Master Policy Declaration, Utah's annexation statute does require a municipality to adopt a specific policy declaration with respect to each unincorporated territory in excess of five acres sought to be annexed.

However, despite Roy City's failure to comply with Utah's annexation statute, the defendant is a stranger to the annexation process, and as such, lacks standing to contest the annexation of the plaintiffs' property. The defendant could not directly contest the annexation because it is not an affected resident or property owner, nor is it an "affected entity" as defined by U.C.A., 1953, § 10–1–104(8) (Supp.1981). *See Sweetwater Properties v. Town of Alta,* Utah, 622 P.2d 1178, 1183 *modified on rehearing,* 638 P.2d 1189 (1981). Therefore, the defendant cannot contest the withdrawal of the plaintiffs' property from its district on the grounds that the annexation was improper. Section 17–6–29 is part of a statutory scheme which was designed to permit the withdrawal of property from an improvement district in such a manner as to protect the district with respect to financial liabilities incurred while the property sought to be withdrawn was part of the district. However, § 17–6–29 was not designed to permit an improvement district to contest indirectly an annexation which it could not contest directly under the annexation statutes. In the present case, the de-

fendant may raise the issue as to whether Roy City is "operating or furnishing similar services," but may not contest the legality of the annexation process undertaken by Roy City. Once the certified map and resolution affecting the annexation of this property were filed with the county recorder, the annexation territory was "deemed and held to be a part of the municipality." U.C.A., 1953, § 10–2–415 (Supp.1981). Since the defendant has no standing to challenge the validity of the annexation process, that presumption satisfies the third requirement of § 17–6–29, namely, that the property lie within the boundaries of Roy City.

Based on the above discussion, the judgment of the trial court is affirmed.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.