Christie Jeanne **HUNTER**, Plaintiff and Appellant,

v.

Lynn Urbo **HUNTER**, Defendant and Respondent.

No. 18022.

Supreme Court of Utah.

Aug. 12, 1983.

Daniel R. Boone, Salt Lake City, for plaintiff and appellant.

Gregory B. Wall, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

This is an appeal from a judgment on an Order to Show Cause initiated by the appellant Christie Jean Hunter to collect unpaid child support from the respondent Lynn Urbo Hunter. The trial court found that the appellant had waived her right to, and was estopped to collect, the accrued child support. We reverse.

On June 30, 1971, the appellant was granted an interlocutory decree of divorce, which provided, among other things, that: (1) the appellant was awarded the care, custody and control of the appellant and the respondent's minor child, (2) the respondent was ordered to pay to the appellant $100 per month as child support for the minor child, (3) the respondent was allowed a reasonable right of visitation with the minor child, consisting of a two-hour period, one day per week at the home of a trusted third party, and (4) the respondent was permanently enjoined from coming near the appellant or the minor child and from molesting, injuring or harming either of them. Shortly after the Divorce Decree was entered, the appellant concealed herself and the minor child and failed to notify the respondent of their whereabouts. The appellant testified that she went into hiding and refrained from seeking enforcement of the child support order because of previous violent experiences with the respondent and her resultant fear of him. From June of 1971 through October of 1980, the defendant made one payment of $300 for child support. On October 1, 1980, the appellant petitioned the trial court for an order requiring the respondent to show cause as to why the appellant should not be awarded judgment in the sum of $9,600 for delinquent child support. At trial, the respondent conceded that he had not made the required child support payments during the nine-year period,[1] but contended that the

appellant had waived any right to the accrued child support and was estopped to collect it.

The trial court found that:

The [appellant] by her actions has waived her right to the support that accrued prior to the filing of the petition herein and she is estopped from collecting any child support that accrued prior to the filing of the petition for an Order to Show Cause.

On appeal, the appellant claims that the trial court erred in making that finding.

■ The applicable standard of review is as follows:

While it is true in equity cases this Court may review questions of both law and fact we are not bound to substitute our judgment for that of the trial court, and because of its advantaged position we give considerable deference to its findings and judgment.

*Nupetco Associates v. Jenkins,* Utah, 669 P. 2d 877, 883 (1983) (quoting *Ream v. Fitzen,* Utah, 581 P.2d 145, 147 (1978)). *See also, e.g., Dang v. Cox Corp.,* Utah, 655 P.2d 658 (1982); *Parks Enterprises, Inc. v. New Century Realty, Inc.,* Utah, 652 P.2d 918 (1982).

In *Baggs v. Anderson,* Utah, 528 P.2d 141 (1974), this Court set forth the distinction between a child's right to support and a third party's right to reimbursement for past support:

[I]t is appropriate to point out that support money can fall into two separate categories: First, the current and ongoing right of a child to receive support money from his father (parent); and second, the right to receive reimbursement for support of a child after that has been done. As to the second, suppose a father (parent) fails over a period of time to furnish support of the child, and the mother, or someone else, furnishes it. That person then has the right to claim reimbursement from the parent, the same as any other past debt. This right of

---

1. We note that the applicable statute of limitations is not at issue in the present case because it was not raised by the parties, apparently

because the appellant's claim for past due child support was limited to the eight year period. *See* U.C.A., 1953, §§ 78–12–1 & –22.

reimbursement belongs to whomever furnished the support; and it is subject to negotiation settlement, satisfaction or discharge in the same manner as any other debt.

*Id.* at 143 (footnote omitted). *See also, e.g.,* 2 W. Nelson, *Nelson on Divorce and Annulment* § 15.60, at 365 (2d ed. 1961 & Supp. 1968). The present case deals with the second category of child support, namely, the right of reimbursement. The appellant claims that the trial court erred in finding that she waived her right to reimbursement and is estopped to enforce it.

With respect to waiver, this Court has previously stated that:

A waiver is the intentional relinquishment of a known right. To constitute a waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it. It must be distinctly made, although it may be express or implied.

*American Savings & Loan Ass'n v. Blomquist,* 21 Utah 2d 289, 292, 445 P.2d 1, 3 (1968) (quoting *Phoenix Insurance Co. v. Heath,* 90 Utah 187, 194, 61 P.2d 308, 311–12 (1936)). To constitute waiver, one's actions or conduct must be distinctly made, must evince in some unequivocal manner an intent to waive, and must be inconsistent with any other intent. *See id. See also, e.g., Waterways Terminals Co. v. P.S. Lord Mechanical Contractors,* 242 Or. 1, 406 P.2d 556 (1965); *Wagner v. Wagner,* 95 Wash.2d 94, 621 P.2d 1279 (1980).

The doctrine of estoppel is a different principle than, and must be distinguished from, the legal doctrine of waiver. As noted above, waiver is the voluntary, intentional relinquishment of a known right. Estoppel, on the other hand, is a doctrine which precludes parties from asserting their rights where their actions or conduct render it inequitable to allow them to assert those rights.

The doctrine of estoppel has been set forth by this Court as follows:

The doctrine of estoppel has application when one, by his acts, representations, or conduct, or by his silence when he ought to speak, induces another to believe certain facts exist and such other relies thereon to his detriment.

*Leaver v. Grose,* Utah, 610 P.2d 1262, 1264 (1980) (citations omitted). *See also, e.g., Celebrity Club, Inc. v. Utah Liquor Control Commission,* Utah, 602 P.2d 689, 694 (1979) (setting forth a breakdown of the essential elements of estoppel); *Ross v. Ross,* Utah, 592 P.2d 600 (1979); *Baggs v. Anderson, supra* (stating that the rules regarding estoppel are applicable to divorce actions).

The common element of the doctrines of waiver and estoppel is the requirement of action or conduct by the person against whom the doctrines are asserted. Such action or conduct is missing in the present case. The respondent has failed to point to any action or conduct by the appellant which would justify a finding of waiver or estoppel. The respondent contends that the appellant's concealment and failure to inform the respondent of her whereabouts are sufficient to support a finding of waiver and estoppel. Furthermore, in support of a finding of waiver and estoppel, the respondent indicated that it was his understanding from his federal probation officer that the appellant did not desire the child support. Moreover, as additional support for the trial court's finding, the respondent also refers to his testimony that he understood from the Department of Social Services that he was not required to pay child support.

The respondent's arguments fail for two reasons. First, the respondent's understanding from his federal probation officer and the Department of Social Services regarding his obligation to provide child support is irrelevant to a finding of waiver and estoppel because it does not involve actions or conduct by the appellant. The failure to provide any evidence of actions or conduct by the appellant renders a finding of waiver or estoppel in error. *See, e.g., Ross v. Ross, supra.* Second, on the facts of the present case, the appellant's inaction is insufficient to support a finding of waiver or estoppel. The appellant's inaction does not unequivocally evince an intent

to waive her right to the accrued child support. The record indicates that the appellant went into hiding and refrained from seeking enforcement of the child support order because of her fear of the respondent based on previous violent experiences with him. Considerable justification for the appellant's fear is demonstrated by the Divorce Decree itself, which contains a provision drastically limiting the respondent's visitation rights and enjoining and restraining the respondent from molesting, injuring or harming the appellant or the minor child. Thus, the facts do not support a finding of waiver. With respect to a finding of estoppel, this Court has previously stated that:

> The facts show no representations, either explicit or implicit, by [the appellant] to [the respondent] with respect to discontinuation of payments, and it is doubtful if such circumstances would be of prime importance. *Mere silence over a period of time will not raise an estoppel where there is no legal or moral duty to speak.* The [trial] court did not condition the [child support] payments upon a request by [the appellant].

*French v. Johnson,* 16 Utah 2d 360, 361, 401 P.2d 315, 315–16 (1965) (emphasis added) (citations omitted) (involving a failure to assert the right to child support for a ten-year period). *Accord, e.g., Waterways Terminals Co. v. P.S. Lord Mechanical Contractors, supra.* The respondent has failed to point to any duty owed by the appellant. Thus, a finding of estoppel by the trial court based only on the appellant's silence and failure to act was in error.[2]

We reverse the judgment of the trial court and remand the cause of action to the trial court to enter judgment in favor of the appellant and against the respondent for the delinquent child support. No costs awarded.

HALL, C.J., and OAKS, J., concur.

2. We note that the affirmative defense of laches, which was not pled or asserted by the respondent, may have been a more viable defense under the facts of the present case. *See Decker v. Hendricks,* 97 Ariz. 36, 40, 396 P.2d

HOWE, Justice, dissenting:

I agree that estoppel against the appellant cannot be upheld because of the lack of evidence that respondent has relied on her inaction to his detriment. However, there is competent evidence to support the finding of waiver and I dissent from the reversal of the trial court on that point.

The majority correctly states that "the common element of the doctrines of waiver and estoppel is the requirement of action or conduct by the person against whom the doctrines are asserted." It then concludes that such action or conduct is missing in the present case. I respectfully disagree with that conclusion. The following dialogue is, I believe, crucial to a finding of waiver:

Q. Could you tell me, Mrs. Perry, why you have waited 10 years to make an effort to collect the back child support from your husband, your former husband?

A. Well, we just recently had a baby ourselves, and it's been a little hard, you know, bringing up two children on one salary.

Q. How come you haven't made any effort prior to this time? Ten years ago was quite a long time and I'm just wondering why you waited such a substantial period.

A. Well, until we had our baby, you know, we did all right.

Q. You didn't need the money until that time?

A. Well, we could have used it, but you know, we didn't make any effort to get it.

Q. Did you know where Lynn was living during the 10 years?

A. Yes.

Q. Did you ever make any effort to get in touch with him to see why he wasn't paying any child support?

A. Not to see why he wasn't paying child support.

609, 611 (1964) (stating that the distinction often drawn between laches and estoppel is that the former is synonymous with nonaction, and the latter, with positive conduct misleading another).

Q. Did you ever get in touch with him during those 10 years?

A. Yes, I did.

Q. Do you recall how many times approximately?

A. Once.

Q. What was the purpose of that?

A. To ask if he would sign an adoption so my present husband could adopt Eric.

Direct examination by counsel for respondent at hearing for Order to Show Cause.

There is testimony in the record that the appellant was afraid of the respondent because of his violent temper and she was especially concerned about harm he might inflict upon their child. However, she did not assign this fear as a reason for not pursuing the child support. Furthermore, the trial court could well have discounted her fears since she was not afraid to institute proceedings when the money was needed. Contrary to the statement in the majority opinion, she denied that she had hidden from him. Where an inference can be drawn from the conduct of a custodial parent that no support money was wanted, courts have not been reluctant to deny reimbursement for past child support. See *Kaminski v. Kaminski,* 8 Cal.App.3d 563, 87 Cal.Rptr. 453 (1970) and *Graham v. Graham,* 174 Cal.App.2d 678, 345 P.2d 316 (1959) for conduct and action constituting waiver. It is true the verbal communications made in those cases were blunt and unequivocal, whereas here they were never direct, but made only through third parties; nonetheless, the appellant made it clear that she wanted the respondent completely out of her life. Furthermore, her failure to enforce support payments through one of several neutral collection points lends support to the trial court's finding that she waived her rights to reimbursement. In any event, we have consistently held to a standard of review by which we reverse only where there is no evidence to support the trial court's finding. That is not the case here.

For the reasons given, I would affirm the trial court's ruling.

STEWART, J., concurs in the dissenting opinion of HOWE, J.