In the Matter of the Decision of the BOUNDARY COMMISSION OF DAVIS COUNTY, Utah, Relative to the West Bountiful City Annexation Policy Declaration and the Protest of Woods Cross City Thereto—Case No. 2–83.

**WEST BOUNTIFUL CITY, Appellant,**

v.

**WOODS CROSS CITY, Respondent.**

**No. 19466.**

Supreme Court of Utah.

March 31, 1987.

Michael L. Deamer, Salt Lake City, for appellant.

George K. Fadel, Bountiful, for respondent.

ZIMMERMAN, Justice:

This case arises out of a dispute between West Bountiful City and Woods Cross City over a tract of land each city sought to annex. West Bountiful attempted to annex the land in 1983. Woods Cross filed a protest with the Davis County Boundary Commission, but the Commission ruled in favor of West Bountiful's annexation. Woods Cross appealed the decision to the district court, contending that certain of the statutory requirements for annexation were not followed and that the West Bountiful annexation was therefore void. The district court reversed the Commission, and West Bountiful appealed to this Court. We affirm the district court on procedural grounds.

On April 1, 1980, West Bountiful filed a master policy declaration setting out its intent to annex a particular tract of land in Davis County. Later in 1980, Woods Cross also filed a master policy declaration to annex certain land in Davis County. A portion of the land designated by Woods Cross's declaration also was covered by West Bountiful's declaration. In late 1982, property owners in the designated area filed a petition with the West Bountiful City Council expressing their desire to be

annexed by that city. The Council adopted a resolution to annex the land on December 21, 1982. Nineteen days later, on January 18, 1983, the West Bountiful City Council held a public hearing to discuss the proposed annexation. At that time, the decision was made to proceed with the annexation.

As required by section 10-2-408 of the Code, U.C.A., 1953, § 10-2-408 (1986 ed.), Woods Cross filed a protest with the Davis County Boundary Commission, challenging West Bountiful's statement of intention to annex the property. The Commission determined that West Bountiful had followed all necessary statutory procedures and was free to proceed with the annexation. Woods Cross appealed the Commission's decision to the district court. In May of 1983, before the district court could hear the matter, West Bountiful proceeded to annex the property; Woods Cross then also purported to annex the same property.

On August 11, 1983, the district court heard the matter and entered a judgment reversing the Commission and invalidating the West Bountiful annexation. On August 22, 1983, West Bountiful filed written objections and a motion for reconsideration of the judgment. Two days later, Woods Cross filed a written response to the objections and submitted a proposed decision. On September 1, 1983, West Bountiful withdrew its objections to Woods Cross's proposed findings of fact, conclusions of law, and decision. The court signed the findings and decision and dated them August 25, 1983. On September 7, 1983, after the five-day period provided in section 10-2-408 for filing objections to the order had expired, West Bountiful protested the signing of the order.

A central issue throughout this dispute has been whether the West Bountiful City Council adopted a specific policy declaration, as required by section 10-2-414,[1] at the public hearing held on January 18, 1983. However, we need not reach that issue to dispose of this appeal because any action taken at the January 18th hearing is without effect.

Section 10-2-414 requires that a public hearing must be held before adoption of a policy declaration regarding an annexation and that "at least 20 days prior to the hearing, mailed notice and a full copy of the proposal shall be given to the governing body of each affected entity...." This requirement was not satisfied. The notice was not given twenty days in advance of the hearing, nor was a "full copy of the proposal" supplied to Woods Cross.

West Bountiful acknowledges that only nineteen days' notice was given and that the notice was not accompanied by a copy of the proposed policy declaration. West Bountiful contends, however, that substantial compliance is sufficient to satisfy the requirements of the statute. For this proposition, it relies on *Sweetwater Properties v. Town of Alta*, 622 P.2d 1178, *modified*, 638 P.2d 1189 (Utah 1981). It then argues that a nineteen-day advance notice, when followed by Woods Cross's actual attendance at the hearing (which indicates that the purpose of the notice was accomplished), shows substantial compliance with the twenty-day notice requirement. West

---

1. U.C.A., 1953, § 10-2-414 (1986 ed.) states, in pertinent part:

Before annexing unincorporated territory having more than five acres, a municipality shall ... adopt a policy declaration with regard to annexation. Such policy declaration shall include:

(1) a map or legal description of the unincorporated territory into which the municipality anticipates or favors expansion of its boundaries ...; and

(2) a statement of the specific criteria pursuant to which a municipality will favor or not favor a petition for annexation....

Before adopting the policy declaration the governing body shall hold a public hearing thereon. At least 30 days prior to any hearing, notice of the time and place of such hearing and the location where the draft policy declaration is available for review shall be published in a newspaper of general circulation in the area proposed for expansion except that when there are 25 or fewer residents or property owners within the affected territory, mailed notice may be given to each affected resident or owner. In addition, at least 20 days prior to the hearing, mailed notice and a full copy of the proposal shall be given to the governing body of each affected entity and to the local boundary commission....

Bountiful further argues that although no proposed annexation declaration accompanied the notice, much less one meeting the requirements of subparts (1) and (2) of section 10–2–414, the notice did contain enough information to put Woods Cross on notice of what was at issue.[2] West Bountiful asserts that this should be enough to amount to substantial compliance with the "full copy" requirement of section 10–2–414.

The actions of West Bountiful do not constitute substantial compliance with section 10–2–414. *Sweetwater Properties v. Town of Alta* is distinguishable. First, in *Sweetwater* the notice was timely. The only notice issue in that case was whether it had gone to all "affected entities," as required by the statute. We held only that Salt Lake City and Salt Lake County Service Area No. 3, to which no notice had been given, were not affected entities and therefore were not statutorily entitled to notice.[3] In the present case, there is no question but that Woods Cross is an affected entity and was not given the statutorily required twenty days' notice.

Second, in *Sweetwater* we found that the proposed declaration addressed all the subject matters that section 10–2–414 required be treated in the declaration. Therefore, despite the fact that "some provisions [of the declaration] contained little itemized detail," we held that there was substantial compliance with the statute. *Sweetwater Properties v. Town of Alta*, 622 P.2d at 1183. The instant case is quite different. The question here is whether there was compliance with section 10–2–414's requirement that "a full copy of the proposal" accompany the mailed notice. No proposed declaration of any kind accompanied the notice, and the notice itself did not even

purport to address the criteria set out in subpart (2) of section 10–2–414. Therefore, there is no basis on which we can find substantial compliance. And in the absence of substantial compliance with the statute, we conclude that any actions taken by West Bountiful at the public hearing of January 18, 1983, are without effect.

It is unnecessary to reach the other issues raised. The district court's ruling is affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, Associate C.J., concurs in the result.

2. The notice was dated December 30, 1982, and stated in its entirety:
   To Whom It May Concern:
   This letter is to inform you of a Public Hearing to be held on January 18, 1982, at 7:PM at West Bountiful City Hall, located at 550 North 800 West, West Bountiful.
   The purpose of the hearing is to discuss the Annexation Proposal on the property located South of 5th South and West of 1100 West adjoining West Bountiful City Limits.
   Thank you
   Sincerely
   [signature]
   Sam Allman, Councilman
   West Bountiful City

3. Since that ruling, we have broadened our definition of "affected entity" to include entities that cause taxes to be collected on their behalf. *Pike Countryside Annexation v. Vernal City*, 711 P.2d 240 (Utah 1985).