311 P.2d 791

Earl D. TANNER, Respondent,

v.

W. C. LAWLER and Laura M. Lawler, his wife, Defendants and Appellants,

Walter H. REICHERT, Counterclaimant as to Earl D. Tanner, and Plaintiff against George Beckstead, Sheriff,

v.

George BECKSTEAD, as Sheriff of Salt Lake County, Utah, Defendant in Intervention, and Respondent.

No. 8518.

Supreme Court of Utah.

May 23, 1957.

Elias Hansen, Salt Lake City, for appellants.

Earl D. Tanner, Frank E. Moss, County Atty., W. T. Thurman, D. F. Wilkins, Asst. County Attys., Salt Lake City, for respondents.

WADE, Justice.

Appellants' petition for rehearing raises some contentions which require further consideration.

9. Rule 8(c), Utah Rules of Civil Procedure.

1. They contend that we erred in holding "that because Reichert purchased the certificate of sale he may not claim to be a redemptioner for and on behalf of the Lawlers." They urge that although Reichert intentionally took an assignment of the sheriff's certificate of sale, instead of a certificate of redemption, still he being a judgment debtor in the foreclosure action, and having succeeded to the interest of the Lawlers in the mortgaged property, he was entitled to the benefit of the provisions of the Utah Rules of Civil Procedure, Rule 69(f)(5) that "[I]f the debtor redeems, the effect of the sale is terminated and he is restored to his estate." Whereupon he is entitled to a certificate of redemption, which must be filed and recorded in the county recorder's office.

We adhere to our holding that the provisions of Rule 69(f)(5) dealing with the right of a judgment debtor who redeems his property from a sheriff's sale in a foreclosure action gives him different rights than if he takes an assignment of the sheriff's sale certificate. Under the above provisions of Rule 69(f)(5) had Reichert redeemed from the sheriff's sale as a judgment debtor and as successor of the interest of the Lawlers, the effect of the foreclosure sale would have terminated. In that case he would have been the owner of the property free from the mortgage which had been foreclosed and paid off by the sale and redemption, but the subsequent liens and other interests in the property, including the Clowes judgment lien, would have been restored the same as if no foreclosure sale had occurred, and the rights of subsequent redemptioners would have been terminated. On the other hand, since he chose to take an assignment of the sheriff's certificate of sale he thereby succeeded to the interest which the Assurance Company obtained by the foreclosure proceedings and by purchasing the property at the sheriff's sale. Had there been no subsequent redemption from his purchase at such sale, he would have been entitled to the sheriff's deed, which would have carried with it title to the property sold as free from encumbrances as the title would have been had the deed been issued to the Assurance Company as purchaser at the mortgage foreclosure sheriff's sale. His title would have been free from the Lawlers' homestead exemption claim, and all subsequent liens and mortgages against this property.

However, such assignment of the Assurance Company's certificate of sale was subject to the same claims and rights of others that it would have been in the hands of the Assurance Company. Particularly, it was subject to the right of redemption from such sale by the holders of subsequent judgment liens and Tanner as the assignee of the Clowes judgment lien was entitled to, and did, redeem the property from the mortgage foreclosure sheriff's

sale. We will discuss the effect of that redemption under the next proposition.

2. Appellants contend that we erred in failing to construe Rule 69(f) of the Utah Rules of Civil Procedure to mean "that a redemptioner who redeems property sold under a decree of foreclosure acquires only the interest of the person against whom such redemptioner has a judgment lien or mortgage."

In their argument they point out that the Clowes judgment under which Tanner redeemed was only against Mr. Lawler and not against his wife, who was a joint owner of the mortgaged property. They argue that Tanner by his redemption merely took the property free from the mortgage debt which had been paid, but subject to Mrs. Lawler's joint ownership and to the Lawlers' homestead exemption in the property as against the Clowes judgment lien.

This argument would have much force if our Rules of Procedure provided, as in the case where a judgment debtor redeems, that the effect of the sale is thereby terminated and the person who redeemed is restored to his former estate, and is entitled to receive and file and record a certificate of redemption. But the rules contain no such provision. On the contrary, the rules provide for subsequent redemptions "within 60 days after the last redemption and with-

in six months after the sale."[1] And in case of a redemption "whenever sixty days have elapsed and no other redemption by a creditor has been made * * * the last redemptioner * * * is entitled to a sheriff's deed at the expiration of six months after the sale."[2] The right to redeem from a mortgage foreclosure sale is purely statutory or based on procedural rule. Without such provisions, equity provided no right to redeem from a mortgage after a foreclosure sale had been made and confirmed, so our problem is one of statutory or rule construction, pure and simple, and is not covered by common law or equity rule.[3]

Rule 69(f) makes no distinction between the right to redeem from a mortgage foreclosure sale by a judgment lien holder, whose lien covers only a part ownership in the land sold, and such lien holder where the lien covers the entire ownership of such property. Nor does it make any distinction between the title which these different kinds of lien holders obtain from the sheriff's deed, which the sheriff is required to issue after the redemption period has expired. So we have no authority under these provisions to make any such differences, and we make no distinction between the title acquired by a redemptioner under these different kinds of liens. This we understand to be the

1. See U.R.C.P. 69(f) (4).

2. See U.R.C.P. 69(f) (5).

3. See Annotation on this subject in 135 A.L.R. 196.

majority rule, particularly under provisions similar to our procedural rule.[4]

As above pointed out, our Rule 69(f) expressly provides that in case of a redemption by a judgment debtor, the effect of the sale is terminated, and such debtor is restored to his former estate in the property sold under the mortgage foreclosure sale. This definitely indicates the intention that such redemption shall have about the same effect which appellants contend is the effect of the redemption by Tanner in this case. However, had the rule makers intended such effect, this provision could have been very easily extended to expressly cover this situation. The drafters of the rule did not see fit to make such provision. On the contrary, they expressly provided for the issuance of a sheriff's deed conveying the property sold at the sheriff's sale, to the last redemptioner upon the expiration of the redemption period. They provided for the same kind of a sheriff's deed to the last judgment lien holder redemptioner as would have been issued to the purchaser at the sheriff's sale if no redemption of the property from such sale were made. This is different from the requirements where a judgment debtor redeems, where the rule merely requires the issuance of a redemption certificate to him. The foregoing facts very definitely indicate the intention of the rule makers that a redemption by a judgment lien creditor who eventually becomes entitled to and receives a sheriff's deed to the property, shall receive by such conveyance the same title to the property with the same priority and freedom from liens and encumbrances as would have passed to the purchaser at the mortgage foreclosure sheriff's sale had he eventually been entitled to and received the sheriff's deed to such property.[5]

This conclusion eliminates appellants' argument that they were wrongfully denied the right to claim the Lawlers' homestead exemption to this property as against Tanner. Since Tanner succeeded to the same right, title and interest to this property as the Assurance Company would have obtained had it received the sheriff's deed to the mortgaged property, and since, Section 28-1-1, U.C.A.1953, expressly provides that the homestead shall not be exempt from "judgments obtained on debts secured by lawful mortgage on the premises" the Lawlers clearly have no homestead right to this property which is superior to the title which Tanner obtained by the sheriff's deed.

4. See Annotation on this subject in 135 A.L.R. 196, and particularly the California cases cited therein of Eldridge v. Wright, 1880, 55 Cal. 531; McNutt v. Nuevo Land Co., 1914, 167 Cal. 459, 140 P. 6; Corporation of America v. Eustage, 1932, 217 Cal. 102, 17 P.2d 723.

5. See note 4 supra, also Dupee v. Salt Lake Valley Loan & Trust Co., 20 Utah 103, 57 P. 845, 77 Am.St.Rep. 902.

The rights of the mortgagee under the mortgage which was transmitted to the purchaser of the property through the mortgage foreclosure sale to Tanner by his redemption also makes ineffective and pointless appellants' argument that this rule, as we construe it, is unconstitutional. They contend that a holding that the Clowes judgment lien is prior and superior to the rights in this property of Mrs. Lawler's joint interest when the judgment is not even against her, and also superior to her homestead exemption, is unconstitutional. However, this is not what we hold. We hold that the mortgage lien which has ripened into title in Tanner through the mortgage foreclosure sale and his redemption, is not subject to the claim of Mrs. Lawler either as a homestead exemption or as a joint interest, because both such interests were also subject to the mortgage lien and mortgage foreclosure sheriff's sale which have been transferred to Tanner by reason of the foreclosure procedure, that is the bidding of the property in at sheriff's sale, and Tanner's redemption as a redemptioner of the property. Clearly there is no constitutional provision which prevents such a transfer of the rights of the mortgagee in this property to Tanner as a redemptioner.

Appellants' last contention is correct. We said in our opinion that Reichert has deposited a stay bond in order for the Lawlers to retain possession of the property pending this appeal. This statement is incorrect, for a checking of the stay bond discloses that it only stayed the issuance of an execution of the money judgment obtained against the Reicherts, and did not prevent Tanner from obtaining possession of the property by a writ pending the appeal. Since there was nothing in the stay bond or otherwise to prevent Tanner from taking possession of the property during the appeal, our previous holding that Tanner will be entitled to open the case and prove additional damages after the remittitur, is not justified by the facts and is therefore set aside. In all other respects our previous decision is affirmed.

McDONOUGH, C. J., concurs.

WORTHEN and HENRIOD, JJ., concur in the result.

CROCKETT, Justice.

Because of the reasons stated in my former opinion,[1] and for the further reason that no true landlord tenant relationship existed as to Reichert, it is my opinion that the decision of the court is not sound and that the problems presented should be reconsidered. I would vote to grant a rehearing of this case.

1. See 6 Utah 2d 84, 305 P.2d 882, 887.