Wanda SANDBERG et al., Plaintiffs
and Appellants,

v.

Robert D. KLEIN et al., Defendants
and Respondents.

In the Matter of the ESTATE of Wayne
SANDBERG, Deceased.

Nos. 15146, 15274.

Supreme Court of Utah.

March 13, 1978.

Royal K. Hunt and Theodore I. Wittmayer, Salt Lake City, Ronald W. Thompson and Michael D. Hughes of Allen, Thompson, Hughes & Behle, St. George, for plaintiffs and appellants.

James P. Cowley and Allan T. Brinkerhoff of Watkiss & Campbell, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

Plaintiff, Wanda Sandberg, initiated this action to quiet title to approximately 431.84 acres of land situated in Washington County, Utah. Plaintiff alleged that Robert Klein had been granted an option to purchase the property, and the option had expired under its terms and conditions; but Klein claimed an interest. Plaintiff prayed that the option be declared to have expired, for failure of defendant to perform, for failure of consideration, and that defendant's interest be decreed a nullity.

Defendant in his answer asserted his interest, as represented by the option, was in full force and effect, and that all conditions had been tendered or fully performed. He alleged that if there had been any failure of performance, such failure had been acquiesced in, agreed to, and waived by plaintiff.

Three days prior to plaintiff's filing a motion for summary judgment, defendant filed a counterclaim, alleging he had exercised the option, and seeking specific performance. The court granted defendant leave to file the counterclaim, and ordered all allegations in the counterclaim be considered denied by the plaintiff. Defendant also filed motion for summary judgment.

The parties submitted documentary evidence, affidavits, interrogatories, admissions, and depositions. Subsequently, the trial court entered an order in which it made eight findings and concluded defendant was entitled to ·a decree of specific performance in conformity with a real estate agreement defendant had submitted to plaintiff. Plaintiff was directed to execute the necessary documents. Defendant was directed to prepare findings of fact and conclusions of law in conformity with the affidavits of defendant, which the court expressly found constituted a true and correct statement of the facts.

We reverse, and remand for trial. No costs awarded.

A summary judgment can only be granted under Rule 56(c), U.R.C.P., when it is shown there is no genuine issue as to any material fact, and the moving party is entitled to judgment, as a matter of law, under the operative facts. The court cannot consider the weight of testimony or the credibility of witnesses in considering a motion for summary judgment.[1] Herein although the parties were not in complete conflict as to certain facts, the understanding, intention, and consequences of those facts were vigorously disputed. These matters can only be resolved by a trial.

■ The parties entered into an option agreement on September 21, 1964. This agreement was drawn by defendant and must therefore be construed in a light favorable to plaintiff. Initially, plaintiff and her husband executed an earnest money agreement, granting defendant an option to purchase the property in June 1962. Plaintiff's husband died December 7, 1963. Plaintiff individually and as representative of her husband's estate executed the option agreement of September 1964, wherein it was recited that the earlier agreement was "formally ratified."

■ The central issue of this case is whether defendant exercised the option to purchase.

The agreement was to run for a period of ten years from June 14, 1962, to June 14, 1972, as along as certain payments were made twice yearly. It further provided:

5. The *buyer may exercise* his right to purchase this property for the sum of two hundred dollars ($200.00) per acre at any time during the option period, (including any extension period) *by executing a contract to purchase* all or such part or parts of the property as the parties may agree; such contract to purchase shall provide as follows: . . . [Emphasis supplied.]

The option agreement listed eight provisions that were to be included in the contract to purchase. One of the provisions specified the buyer should pay a down payment of $2,000 on the contract. Another provision granted the buyer a right to request a partial release of land under the contract of purchase, i. e., the seller would execute a warranty deed for land at the rate of $200 per acre in an amount equal to one half of the sums paid on the option plus the amount of the down payment on the purchase contract.

Defendant sent a letter to plaintiff, dated March 30, 1971. Therein, he stated there were matters which should be considered preparatory to his exercising the option and the delivery of title to a portion of the land designated by the option. He proposed the parties should share on an equal basis the cost of a survey. Defendant further stated the letter was notification of a request of delivery of 55 acres of land not later than June 15, 1971. He stated that on or before that date he would make a payment of $2,000 constituting total payment to the date amounting to $20,000. He claimed he had paid $18,000 on option payments (actually he had paid $17,000), and this amount together with the $2,000 down payment would entitle him to a release of 55 acres. Defendant further stated:

During the months of April and May of 1971 I think we should try to accomplish the following:

1. Have survey made to determine the exact amount of acreage to be sold.

2. Arrive at the exact selling price so as to determine the exact amount of principal that will be due and payable during a period of 10 annual installments.

3. Prepare a land purchase agreement consistent with the terms of an option agreement and the accepted number of acres involved consistent with the survey that will have previously been prepared.

On June 7, 1971, defendant delivered a check to plaintiff in the sum of $2,000, a notation on the check recited: "down payment to commence June 15 agreement 1971." Contemporaneously with the check, defendant presented a warranty deed, he

1. *Singleton v. Alexander*, 19 Utah 2d 292, 431 P.2d 126 (1967).

had prepared, to plaintiff for the conveyance of 40 acres. Plaintiff executed the deed.

The trial court found the $2,000 payment was received and accepted by plaintiff as an exercise of the option agreement. The court found that defendant exercised the option to purchase based upon his notice dated March 30, 1971, and the subsequent payment of $2,000 on June 7, 1971, which plaintiff cashed. The court further found that the deed for 40 acres was given in conformity with the option as being a partial release based upon the total amount as paid after exercising the option to purchase.

The option agreement neither provided for a survey nor did it designate who would bear responsibility for preparation of the contract to purchase.

Defendant by affidavit established he and plaintiff met with surveyor, Stevens in the first week of April 1971. The surveyor was assisting them with an application and plat for annexation of the property to the City of St. George. The parties asked an estimate of the cost to have a survey of the property, which was contemplated to be sold to defendant. The parties represented each would pay one half of the cost. The surveyor recommended that the county first establish a monument at the southeast corner of Section 21 of the subject property.

On June 7, 1971, according to the affidavit, the parties applied to the county to establish the section corner, which was subsequently done. On the same June 7, the parties met with surveyor, Stevens, who informed them the survey would cost $2,400 and could not be completed by June 15, 1971, but would probably take two or three months. Plaintiff expressed concern at the cost and stated she didn't want to pay at that time.

In his affidavit, Stevens stated he was advised not to commence the survey until he received further instructions. The affidavit does not specify which party told him to await further instructions.

In April 1972, defendant contacted plaintiff for the purpose of proceeding with the survey; she declined to discuss the matter. Defendant received notice on April 20, 1972, from plaintiff's legal counsel that defendant had not exercised the option or acquired the property. Sometime in April 1972, defendant arranged to have the property surveyed. The survey was completed and delivered to defendant about May 12, 1972. In May 1972, the contract to purchase was prepared and executed by defendant. The contract was presented to plaintiff approximately on May 16, 1972; she refused to execute the agreement. This is the agreement the trial court ordered her in the decree for specific performance to execute.

The acts of the parties as to the exercise of the option are equivocal. The option agreement provides that it *may* be exercised by executing a contract to purchase. However, both the letter of March 30, 1971, and the check notation are consistent with an intent of defendant, the one who drafted the option, that the exercise would be by execution of a purchase contract before June 15, 1971.

Under the evidence the conveyance of the 40 acres might not be in conformity with the exercise of the option as found by the trial court. By a letter dated October 14, 1970, defendant requested a conveyance of 40 acres, designated as:

SE ¼ NE ¼ of Section 21, Township 42, Range 15, West Salt Lake Base and Meridian.

In his letter, defendant stated he had a commitment to deliver title to this property. He indicated no intent to exercise the option. Plaintiff responded there should be no trouble getting the papers transferred, and she wanted to be as cooperative as possible. The conveyance of June 7, 1971, covered the description of land requested in defendant's letter of October 1970. In her deposition, plaintiff testified she thought defendant wanted the deed to the 40 acres, because he had a chance to sell it to one Johnson.

There is language in the option agreement which might be construed as contemplating a partial release of the property prior to exercising of the option.

Section 5(f) provided:

In the event of default by the Buyer under the option agreement or under the contract to purchase, such land as has not been conveyed by deed to the Buyer shall revert to the Sellers . . . .

Section 6 of the option agreement provides the Sellers shall pay taxes on all of the property during the option period. In her deposition, plaintiff testified she paid the 1971 taxes and defendant never asked for the tax notices or offered to reimburse her. She testified she even paid the taxes on the 40–acre tract for two years.

Defendant's counsel, in compliance with the order of the court, drafted thirty-eight findings of fact. Many involve the conduct of the parties prior to the alleged exercise of the option. Number 31 states that on June 7, 1971, defendant exercised the option by making the down payment referred to therein, which down payment was accepted by plaintiff with full knowledge defendant had exercised the option, and plaintiff further acknowledged his exercise of the option by her partial performance and by conveyance to him of 40 acres.

The deposition of plaintiff refutes this finding that she had knowledge the option had been exercised. Furthermore, in defendant's deposition he states merely that he thought the payment was an exercise of the option. Nothing appears in the record to indicate defendant informed plaintiff he was, in fact, exercising the option by payment. The strongest inference from the evidence is defendant indicated an intention to exercise by executing a sales contract prior to June 15, 1971. However, this contract was not executed until the following May, 1972.

Finding 34 recites the preparation of the purchase contract was delayed, because of plaintiff's desire to delay survey expenses. Plaintiff waived any objection to an earlier preparation of sales contract.

A waiver is the intentional relinquishment of a known right. To constitute a waiver, there must be an existing right, benefit, or advantage, a knowledge of its existence, and an intention to relinquish it. It must be distinctly made, although it may be express or implied.[2]

Plaintiff, by affidavit, said at no time in her contacts with defendant did she request defendant abstain from submitting contracts required pursuant to the option agreements. It should be observed that under the option, the first payment was to be made one year from the date of the purchase contract; therefore, it was not imperative as urged by defendant that the contract could not be executed until the exact acreage was ascertained to allow the annual payments to be computed.

There are basic unresolved issues which prevent a summary judgment.

First, did the term "may" as to the manner of exercising the option indicate an intent of the parties that the option could be exercised in an alternative manner. Second, in spite of alternatives as to the manner of exercise of the option, was there an intent of the parties the option would, in fact, be exercised by defendant by the act of executing the purchase contract. Third, if such were the understanding of the parties, did plaintiff waive the timely exercise of the option. Fourth, did defendant wait such an unreasonable length of time to execute the purchase contract that any implied extension of time by the conduct of plaintiff had expired.

Finally, plaintiff in her brief raises several issues involving the statute of frauds. The statute of frauds is an affirmative defense under Rule 8(c), U.R.C.P. Plaintiff had no opportunity to plead any affirmative defenses to defendant's counterclaim; upon remand she should be permitted to do so, if she so chooses.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

**2.** *American Savings and Loan Association v. Blomquist*, 21 Utah 2d 289, 292, 445 P.2d 1 (1968).