2003 UT 32

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jose CRUZ–MEZA, Defendant and Appellant.**

No. 20011017.

Supreme Court of Utah.

Sept. 9, 2003.

Mark L. Shurtleff, Att'y Gen., Christine Soltis, Asst. Att'y Gen., Nicholas M. D'Alesandro, Sirena M. Wissler, Salt Lake City, for plaintiff.

Robert K. Heineman, Heidi Buchi, Heather Johnson, Salt Lake City, for defendant.

WILKINS, Justice:

¶ 1 This case comes before us after the defendant, Jose Cruz–Meza, pled guilty to first-degree murder, conditioned upon his reservation of the right to appeal the trial court's grant of the State's motion in limine to exclude as hearsay exculpatory portions of a confession made by Cruz–Meza to Bonnie Santa–Cruz. Cruz–Meza argues that the otherwise inadmissible hearsay evidence should have been admitted under the common law rule of verbal completeness to explain admissible portions of the same conversation. We affirm.

## FACTUAL BACKGROUND

¶ 2 Cruz–Meza was charged with first-degree murder for the death of his girlfriend, Angie Zabriskie. Zabriskie was stabbed numerous times and died from her wounds. She was found dead in her Salt Lake County apartment on May 20, 2000, lying on the floor of her kitchen near the telephone, which had been ripped from the wall.

¶ 3 Cruz–Meza left Zabriskie's apartment between 7:00 a.m. and 8:30 a.m. on the morning of Zabriskie's murder. After visiting his son in Utah County at about 9:00 a.m. on that same morning, Cruz–Meza returned to Salt Lake County and visited the child's mother, Bonnie Santa–Cruz. During a conversation, which took place in Zabriskie's car, Cruz–Meza admitted to Santa–Cruz that he killed Zabriskie.

¶ 4 The conversation during which Cruz–Meza admitted to Santa–Cruz that he killed Zabriskie was a lengthy one during which Cruz–Meza discussed their son, the murder and his explanation of it, and Cruz–Meza's potential flight to Mexico. After his initial confession, Santa–Cruz questioned Cruz–Meza at some length about the murder, suggesting to Cruz–Meza that he and Zabriskie merely had an argument. In response to her disbelief, Cruz–Meza showed Santa–Cruz the knife with which he stabbed Zabriskie. After an undetermined lapse of time, during which conversation between Cruz–Meza and Santa–Cruz continued, Cruz–Meza offered his explanation for the killing. He indicated that Zabriskie would not let him go see his son and that she held him at gunpoint. While in the car, Santa–Cruz saw no gun. A police search of Zabriskie's apartment likewise revealed no gun. In response to Zabri-

skie's actions, according to Cruz–Meza, he then brandished the knife and Zabriskie told him that she would shoot him if he left. Cruz–Meza said that he then told Zabriskie, "okay, let's see who wins." He then killed Zabriskie.

¶ 5 The conversation between Cruz–Meza and Santa–Cruz took place between one and five hours after the murder and lasted for at least fifteen minutes. Cruz–Meza then left Santa–Cruz and was arrested for the murder later in the day.

## PROCEDURAL BACKGROUND

¶ 6 Prior to trial, the State made a number of pretrial motions, including a motion in limine to exclude as inadmissible hearsay Cruz–Meza's self-serving explanation of his reasons for killing Zabriskie. The State argued and the trial court agreed that the self-serving statements about Zabriskie having a gun and refusing to allow Cruz–Meza to leave were not within any of the exceptions to the hearsay rule, but were uncorroborated statements made after Cruz–Meza had the opportunity for reflective thought. The trial court refused to allow admission of these statements given the lack of any circumstantial guarantees of trustworthiness or indicia of reliability. Cruz–Meza then pled guilty, retaining the right to challenge on appeal the trial court's exclusion of his exculpatory statements.

¶ 7 On appeal, Cruz–Meza argues that both the common law doctrine of completeness and due process require the admission of his entire confession, including the exculpatory portions, notwithstanding any bar on the testimony under the Utah Rules of Evidence.

## STANDARD OF REVIEW

¶ 8 Although the admission or exclusion of evidence is a question of law, we review a trial court's decision to admit or exclude specific evidence for an abuse of discretion. *Jensen v. Intermountain Power Agency*, 1999 UT 10, ¶ 12, 977 P.2d 474.

## ANALYSIS

¶ 9 The rule of completeness generally provides that a party may introduce the whole of a statement if any part is introduced by the opposing party. *State v. Dunkley*, 85 Utah 546, 39 P.2d 1097, 1109 (1935) *overruled by State v. Crank*, 105 Utah 332, 142 P.2d 178, 188 (1943) (to the extent it allowed jury to determine voluntariness of a confession). This rule has been accepted, in part, by the Utah Rules of Evidence, which allow introduction of previously unintroduced portions of a writing or recording "which ought in fairness to be considered contemporaneously with [the previously introduced portions]." Utah R. Evid. 106. Rule 106 applies only to writings and recordings and does not apply to the case at bar, which involves the admission of oral statements.

¶ 10 Cruz–Meza argues that the common law rule, nevertheless, remains applicable through rule 611 of the Utah Rules of Evidence, which requires a trial court to make the presentation of evidence "effective for the ascertainment of the truth." Utah R. Evid. 611(a). This provision renders the trial court's exclusion of Cruz–Meza's exculpatory statements error, argues Cruz–Meza. Although he is correct that the rule of completeness may be applied to oral statements through rule 611, Cruz–Meza is incorrect that it was error to exclude his statements in this case. The court's authority to allow evidence under the doctrine of oral completeness through rule 611 "is ... discretionary while the right to put in other evidence under Rule 106 is not." 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5072 (1977). The trial court was within the bounds of its discretion when it excluded the evidence in question in this case.

¶ 11 The Utah Rules of Evidence are not meant to "codify the law of evidence, but to formulate guides from which the law of evidence can grow and develop. These rules therefore supply a fresh starting place for the law of evidence and do not present an ultimate end." Utah R. Evid. preliminary note. Despite its exclusion from rule 106, the rule of oral completeness may assist courts in the growth and development of the law of evidence and has been invoked by the courts of other states through rules similar to our rule 611, which requires trial courts to "make the interrogation and presentation [of evidence] effective for the ascertainment of

the truth." *State v. Eugenio,* 219 Wis.2d 391, 579 N.W.2d 642, 650–51 (1998) (adopting oral completeness through rule 611 and recognizing adoption by some federal circuits). Wigmore has noted that "the thought as a whole, and as it actually existed, cannot be ascertained without *taking the utterance as a whole* and comparing the successive elements and their mutual relations. . . . One part cannot be separated and taken by itself without doing injustice, by producting [sic] misrepresentation." 7 John H. Wigmore, *Evidence* § 2094 (Chadbourne rev.1978). Dangers in taking a thought out of context must, however, be balanced against other problems inherent in oral statements. Accordingly, treating oral statements identically to the written and recorded statements covered by rule 106 is inappropriate.

¶ 12 Oral statements are not easy to parse. Which parts of a broader conversation ought to be admitted to qualify other parts? *See, e.g.,* Wright & Graham, *supra,* § 5078 (noting "problems of defining the scope of the material subject to completeness"). A conversation may represent a whole statement, but might cover many topics. While Wigmore recognized that the whole of a thought cannot be discovered without considering the whole of the utterance, we note that the whole of the utterance need not be the whole of a conversation. Thus, in this case, portions of Cruz–Meza's conversation with Santa–Cruz temporally remote to admissible portions need not necessarily be admitted to allow evidence of the whole of the thought.

¶ 13 Wigmore has noted another problem with oral statements:

[W]here a written utterance is *produced,* all the words are then and there before the tribunal, and the only source of incompleteness would be the party's failure to read or to show the whole; the remedy . . . is simple, and lies ready at hand. . . .

But . . . if the utterance was originally oral and was not reduced to writing at the time, there is no source of reproducing it except the *memory* of those who saw or heard it. . . . [T]he great possibilities of error in trusting to recollection testimony of oral utterances . . . have never been ignored.

Wigmore, *supra,* § 2094. Because of the various concerns with the nature of oral statements, the introduction of statements under the doctrine of oral completeness should be more narrowly confined than the introduction of statements under rule 106. Thus, the trial court has broad discretion in the admission or exclusion of material under the doctrine of oral completeness and may consider many more factors than courts deciding the application of rule 106 to writings or recordings.

¶ 14 Standing alone, the discretionary standard under rule 611 allows much greater latitude to the trial court than rule 106, which merely requires that the material sought to be admitted "ought in fairness" to be admitted with the portion already introduced. Utah R. Evid. 106. This "fairness" standard has been interpreted correctly by our court of appeals as requiring only admission of those things that are "relevant and necessary to qualify, explain, or place into context the portion already introduced." *State v. Leleae,* 1999 UT App 368, ¶ 43, 993 P.2d 232 (internal quotations and citations omitted). Determinations of the effectiveness of the evidence in this context entail an evaluation of the testimony's relevance, as *Leleae* noted, but also of its trustworthiness, a consideration absent from rule 106. These are evaluated to determine whether the evidence is "effective for the ascertainment of the truth." Utah R. Evid. 611(a).

¶ 15 In the present case, the trial court's evaluations were appropriate to an inquiry under the rule of completeness. After a hearing on the State's motion in limine, the trial court concluded that Cruz–Meza's statement that Zabriskie had a gun was uncorroborated and unreliable, with no circumstantial guarantees of trustworthiness. It further noted that the statements were self-serving and were not made spontaneously. The trial court did not specifically evaluate the evidence for oral completeness under rule 611. In fact, the court's conclusions are clearly directed toward the application of hearsay exceptions to the evidence proffered. We note that the tests to be applied to evidence sought to be admitted under the doctrine of oral completeness are not coex-

tensive with the tests applied to hearsay exceptions, such as rules 803(24) and 804(b)(5), but the relevant factors involved in the resolution of each may, in practice, be quite similar. Despite the differences, the trial court's ruling was sufficient, addressing as it did those considerations most relevant to an inquiry under the rule of oral completeness. Thus, the trial court's exclusion of Cruz–Meza's exculpatory statements in this case was within the bounds of its discretion.

¶ 16 Cruz–Meza also raises a due process argument. The essence of that argument is that, by excluding the statement in question, the trial court deprived Cruz–Meza of the opportunity to present evidence supporting a defense of extreme emotional distress without taking the witness stand and waiving his privilege against self-incrimination. *See, e.g., State v. Garcia*, 965 P.2d 508, 516 (Utah Ct.App.1998) (recognizing defendant's right to present defense). Cruz–Meza argues that the evidentiary ruling was unconstitutional because being forced to choose between not presenting evidence of a defense or waiving his privilege against self-incrimination violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. This argument is without merit.

¶ 17 Wright and Graham have noted the choice faced by Cruz–Meza in the slightly different context of rule 106 and its fairness standard. They suggest that a trial court's application of the completeness doctrine, if properly undertaken, addresses any potential problem. Wright & Graham, *supra*, § 5077 (noting that "violation of the defendant's right to present evidence in his own behalf ... can be avoided by proper application of the completeness doctrine," but that the completeness doctrine is not compelled by the Constitution). Courts have also recognized that the failure to admit entire statements does not render the ruling constitutionally infirm. *See, e.g., United States v. Branch*, 91 F.3d 699, 729 (5th Cir. 1996) ("Neither the Constitution nor Rule 106 ... requires the admission of the entire statement once any portion is admitted in a criminal prosecution."). We agree with these authorities, and note that the fairness and trustworthiness tests are more than adequate to address any constitutional concerns

with selective admission of oral statements by criminal defendants. Despite the difficulty in making a decision about whether to testify in his own defense, the fact remains that Cruz–Meza was entirely free to choose—the trial court's ruling excluding evidence did not compel him to testify. *United States v. Dent*, 984 F.2d 1453, 1461 (7th Cir.1993) (Noting that although "a defendant may not needlessly be penalized for asserting a constitutional right[,] ... Dent's Fifth Amendment right not to incriminate himself was not unfairly burdened by the district court's refusal to admit testimony by his lawyer. As the Supreme Court has repeatedly recognized, not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." (internal citations and quotations omitted)).

## CONCLUSION

¶ 18 Although Cruz–Meza is correct that the doctrine of oral completeness remains a viable part of the law of evidence in Utah through Utah Rule of Evidence 611, he is incorrect that the trial court's ruling excluding his self-serving statement to Santa–Cruz requires reversal. The trial court properly considered the trustworthiness of the statement and found it lacking. That finding was unchallenged on appeal and we will not disturb it. The trial court acted within the bounds of its discretion and we affirm. Likewise, Cruz–Meza's due process argument is unavailing. Affirmed.

¶ 19 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Judge NEHRING concur in Justice WILKINS' opinion.

¶ 20 Having disqualified himself, Justice RUSSON did not participate herein; Third District Judge RONALD E. NEHRING sat.