2008 UT App 29

**SUNRIDGE DEVELOPMENT CORPORATION; and Sunridge Enterprises, LLC, Plaintiffs and Appellants,**

v.

**RB & G ENGINEERING, INC., Defendant and Appellee.**

No. 20070099–CA.

Court of Appeals of Utah.

Jan. 25, 2008.

Stephen Quesenberry and Charles L. Perschon, Provo, for Appellants.

Craig C. Coburn, Zachary E. Peterson, Michael J. Howell, and Jennifer Mastrorocco, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., BENCH and DAVIS, JJ.

OPINION

DAVIS, Judge:

¶ 1 Sunridge Development Corporation (SDC) and Sunridge Enterprises, LLC (SEL) appeal from the trial court's grant of summary judgment in favor of RB & G Engineering, Inc. (RB & G) on claims of negligence and breach of contract. However,

Plaintiffs agreed to not appeal a second summary judgment in favor of RB & G, which concluded that SDC did not present prima facie evidence of damages. We therefore affirm.

## BACKGROUND

¶ 2 In 1993, SDC contracted with RB & G to perform a geologic study of 10.2 acres that would become the Alpine Brook Development (the Property). The purpose of the 1993 study was to analyze potential faults and other geologic features of the Property that could affect SDC's ability to develop the Property. In 1995, SDC contracted with RB & G to perform a geotechnical investigation of the Property, whereby RB & G was to determine whether geological hazards existed on the Property and recommend foundation designs for SDC's development plan. In the 1995 report, RB & G concluded that the small faults on the Property were expected for the area and did not present problems for development. Based on these two RB & G reports, SDC proceeded with its plan to develop eighty-six units on the Property.

¶ 3 In 1996, SDC principal Stephen Stewart formed SEL for liability purposes, and SDC conveyed the Property to SEL. The conveyance included the assignment to SEL of all of SDC's rights and claims in relation to the various engineering reports, surveys, studies, and zoning approvals.[1] In 1998, when the first stage of development was nearly complete, the Utah Geological Association recommended further testing of the Property, which RB & G performed. This additional testing uncovered substantial faults not reflected in RB & G's earlier reports, and SEL was forced to redesign its development plan around the newly uncovered faults. Because SEL could no longer safely develop the lots located over the faults and because the road location could not be moved, the number of units to be developed was reduced by fourteen. The reduction in units and the corresponding delays resulted in a claimed loss of well over one million dollars.

¶ 4 SDC and SEL both filed suit against RB & G, alleging negligence and breach of contract. In August and September of 2005, the trial court ruled in favor of RB & G on two separate motions for summary judgment. The first motion was primarily against SEL, arguing alternative rationales for prohibiting SEL from claiming damages against RB & G: the economic loss rule, see generally SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc., 2001 UT 54, ¶¶ 32–35, 28 P.3d 669, and a lack of privity between SEL and RB & G. The second motion for summary judgment was against SDC and alleged that SDC had failed to establish a prima facie case for the claim that RB & G breached its contract with SDC. Specifically, RB & G claimed SDC failed to produce evidence of damages.[2]

¶ 5 The only evidence SDC presented in response to the second motion for summary judgement came in the form of sworn affidavits. The trial court denied the admission of SDC's affidavits because they were offered after the August 1, 2006 deadline for parties to file dispositive motions. "Given this case history," the trial court wrote, "the August 1, 2006 deadline presupposes an end of the discovery process." In granting the motion, the trial court specifically found: "[SDC] has failed to marshal admissible evidence as to its claim for damages. A simple statement that one has been damaged is not evidence; it is a legal conclusion."

¶ 6 On December 18, 2006, the parties then stipulated to the dismissal with prejudice of SDC's claims against RB & G for breach of contract; Plaintiffs also agreed not to appeal the trial court's second summary judgment ruling. On January 5, 2007, the trial court entered the final judgment and order thereon. Plaintiffs now challenge the trial court's

1. For purposes of summary judgment, the parties centered their arguments on the effect of the assignment and not on the underlying validity thereof. At trial, however, SEL would have the burden of proving the validity of the assignment by a preponderance of the evidence.

2. We do not address Plaintiffs' arguments relating to the trial court's application of the economic loss rule and its rejection of the adoption of the independent duty concept for engineers because our decision—based on RB & G's motion

grant of RB & G's first motion for summary judgment.

## ISSUE AND STANDARDS OF REVIEW

■ ¶ 7 Plaintiffs challenge the trial court's grant of summary judgment on SEL's breach of contract and negligence claims in favor of RB & G.[3] Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). Whether a party is entitled to summary judgment presents a question of law, and we grant no deference to the trial court's legal conclusions and review them for correctness. *See Wilcox v. Anchor Wate Co.*, 2007 UT 39, ¶ 10, 164 P.3d 353; *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). Yet, "[a] trial court has broad discretion to admit or exclude evidence and its determination typically will only be disturbed if it constitutes an abuse of discretion." *State v. Whittle*, 1999 UT 96, ¶ 20, 989 P.2d 52; *see also State v. Cruz–Meza*, 2003 UT 32, ¶ 8, 76 P.3d 1165 ("Although the admission or exclusion of evidence is a question of law, we review a trial court's decision to admit or exclude specific evidence for an abuse of discretion.").

## ANALYSIS

■ ¶ 8 SEL argues that it should be allowed to pursue its breach of contract claim against RB & G beyond the summary judgment stage because the assignment of the contracts in question allows SEL, as the assignee, to assert the claims against RB & G that SDC would have been able to assert had the assignment never taken place. Under the law of assignments, "[assignees] are entitled to bring against the [obligor] any contractual action the [assignor] could have brought." *Spears v. Warr*, 2002 UT 24, ¶ 40, 44 P.3d 742. "[A]n assignee gains nothing more, and acquires no greater interest than had his assignor...." *Aird Ins. Agency v. Zions First Nat'l Bank*, 612 P.2d 341, 344

(Utah 1980) (citing *Cheney v. Rucker*, 14 Utah 2d 205, 381 P.2d 86, 91 (1963); *Tanner v. Lawler*, 6 Utah 2d 84, 305 P.2d 882, 885, *aff'd in part and set aside in part*, 6 Utah 2d 268, 311 P.2d 791 (1957)); *see also SME Indus., Inc.*, 2001 UT 54, ¶ 16, 28 P.3d 669 (" 'The assignee is subject to any defenses that would have been good against the [assignor]; the assignee cannot recover more than the assignor could recover; and the assignee *never stands in a better position than the assignor.*' " (alteration in original) (quoting 6 Am.Jur.2d *Assignments* § 144 (1999))); *West v. Inter–Financial, Inc.*, 2006 UT App 222, n. 1, 139 P.3d 1059 ("It is well established that an assignor cannot assign rights he or she does not have."). Conversely, "an assignment does not have the effect of canceling any rights which other persons have in connection with [a contract]." *Tanner*, 305 P.2d at 885. However, "without a claim for damages, the [assignee] ha[s] no breach of contract action." *West*, 2006 UT App 222, n. 1, 139 P.3d 1059 (citing *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388).

■ ¶ 9 Here, at the time of assignment, RB & G had already completed its geological surveys under its contracts with SDC. In response to the second motion for summary judgment, SDC attempted to submit affidavits into evidence regarding damages. But the trial court refused to admit the affidavits, ruling that they were not timely, and this ruling was included in the second summary judgment. Thereafter, Plaintiffs stipulated not to appeal this second summary judgment ruling. The parties entered into this stipulation on December 18, 2006, and the trial court entered the final judgment and order on January 5, 2007. Plaintiffs had thirty days to appeal the final judgment and order. *See* Utah R.App. P. 4(a). However, per the stipulation, they did not do so. Since assignment merely allows the assignee to stand in the shoes of the assignor, SEL is precluded from claiming damages against RB & G—an essential element of any claim, *see Campbell*,

for summary judgment against SDC—is dispositive.

**3.** Per stipulation, Plaintiffs do not challenge the trial court's grant of summary judgment on SDC's breach of contract claim, nor the refusal

of the trial court to admit the affidavits into evidence. We therefore do not address these issues. *See State v. Jennings*, 875 P.2d 566, 569 n. 3 (Utah Ct.App.1994) (declining to consider issues not raised on appeal when a party the had opportunity to do so).

*Maack & Sessions v. Debry,* 2001 UT App 397, ¶ 21, 38 P.3d 984—because SEL stipulated that SDC failed to prove damages against RB & G. SEL is similarly precluded from claiming the affidavits were improperly excluded.[4]

¶ 10 Plaintiffs argue that at the time of assignment, damages were not yet ripe because the errors in RB & G's geological surveys were not discovered until years later. Nevertheless, even after the errors were discovered, SEL never pursued a damages claim against SDC for conveying SEL a property allegedly worth over a million dollars less than SEL paid. SEL cannot be "permitted to enjoy the benefits of [its] separate corporate structure for some purposes while also claiming [that the trial court] elevate[d] form over substance in an attempt to [attach SEL's damages against SDC to RB & G]." *Sachs v. Lesser,* 2007 UT App 169, ¶ 51, 163 P.3d 662 (citing *Utah State Rd. Comm'n v. Steele Ranch,* 533 P.2d 888, 891 (Utah 1975)), *cert. granted,* 168 P.3d 1264 (Utah 2007).

## CONCLUSION

¶ 11 SDC's assignment to SEL of all rights and claims relating to the contracts for the survey work of RB & G put SEL in the same position as SDC-without admissible evidence of damages against RB & G. Because Plaintiffs agreed not to appeal the trial court's granting of the second motion for summary judgment, both SDC and SEL are precluded from claiming any damages against RB & G, whether sounding in contract or torts. We therefore affirm the decision of the trial court.

¶ 12 I CONCUR: PAMELA T. GREENWOOD, Presiding Judge.

BENCH, Judge (dissenting):

¶ 13 Procedurally, SEL's claims were dismissed entirely in September 2005 when the trial court ruled that there was a lack of privity and applied the economic loss rule, thereby foreclosing SEL's breach of contract and negligence claims respectively. In October 2006, the trial court dismissed SDC's breach of contract claim for failing to timely produce evidence of damages. Finally, in December 2006, a stipulation was entered into by which SDC, as the only remaining "Plaintiff," agreed to settle the lone outstanding claim against RB & G and waive its right to appeal the October 2006 summary judgment order. The issues before us on appeal are focused on the summary judgment entered against SEL in September of 2005.

¶ 14 The majority fails to analyze the central issue presented: whether SEL was in privity with RB & G for purposes of asserting a breach of contract claim. The trial court dismissed SEL's case at the summary judgment stage for a lack of privity. Yet, my colleagues do not even attempt to address whether this determination was in error. Instead, they skip ahead and use the trial court's later dismissal of SDC's breach of contract claim, on procedural grounds, as retroactive justification for thwarting SEL's appeal.

¶ 15 Privity is a paramount consideration in this case. If the trial court was wrong about SEL's privity with RB & G, which I believe it was, then SDC's claim should have never gone forward as it did. SEL, as the assignee, is the proper party to litigate the breach of contract claim. The effect of the majority's opinion is to require an assignee like SEL to rely upon its assignor to litigate the issue of damages against the obligor. This line of reasoning is contrary to the rule that assignees stand in the shoes of their assignors. *See* 6 Am.Jur.2d *Assignments*

---

4. While it is true that "it only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact," thereby precluding summary judgment, *Holbrook Co. v. Adams,* 542 P.2d 191, 193 (Utah 1975), if such evidence is untimely it may still properly be excluded, even if the result leads to a grant of summary judgment against the party seeking its introduction. *Cf. Gerbich v.*

*Numed Inc.,* 1999 UT 37, ¶ 17, 977 P.2d 1205 ("'[W]e conclude that the trial court did not abuse its discretion when it prevented the inspector from testifying as an expert based on the lateness of the designation and the fact that Numed's counsel did not have an opportunity to either prepare a cross-examination or call rebuttal witnesses.'").

§ 144 (1999). Although an assignee's damages are limited to those damages the assignor would have suffered, the assignee should not be required to depend upon the assignor to litigate on its behalf. The majority pays lip service to the notion that SEL and SDC should be treated as separate and distinct entities and then effectively treats them as one, binding SEL to the result of SDC's failed litigation, ostensibly because the two corporate entities are run by the same person.

¶ 16 In affirming, the majority also ignores evidence in the record that should have moved SEL's claim past summary judgment. In April 2005, more than a year before the trial court's deadline for submitting evidence of damages, SDC principal Stephen Stewart filed a sworn affidavit with the trial court. The affidavit outlined, in specific dollar amounts, SDC's damages resulting from the failure of RB & G to detect the pertinent faults on the Property. This "one sworn statement" is sufficient to create a genuine issue of material fact. *Holbrook Co. v. Adams*, 542 P.2d 191, 193 (Utah 1975). The record shows that the trial court's vague parenthetical reference to the affidavit as a "generalized summary," stated in the order dismissing SDC's claim for failure to prove damages, amounts to an impermissible consideration of the weight or credibility of evidence at the summary judgment stage. *See Sandberg v. Klein*, 576 P.2d 1291, 1292 (Utah 1978).

¶ 17 Finally, the majority has not addressed SEL's alternative argument on appeal, namely that the economic loss rule should not bar its claim of negligence. Without explanation, my colleagues conclude that their decision is dispositive and they need not consider SEL's alternative arguments on appeal. But because they hold that SEL has no contractual claim to pursue, my colleagues must deal with SEL's alternative argument for negligence.

¶ 18 For the foregoing reasons, I respectfully dissent. In my view, SEL should be allowed to pursue its breach of contract claim against RB & G and prove damages in accordance with the law of assignments. I would therefore reverse the summary judgment and remand for further proceedings on SEL's claim for breach of contract.